CHIEF JUSTICE ROBERTSON
delivered the opinion op the court.
This appeal calls for the revision of a judgment dismissing a petition for a new trial of an action of slander, in which, on the general issue, the appellees, John F. Stalzenberger and Margaret Stalzenberger, his wife, had recovered a verdict and judgment against the appellant,. George Leonhart, for one thousand five hundred dollars, for charging her in gross terms with shameless incontinence and flagrant lewdness.
The petition, filed three months after the expiration of the term at which the judgment was rendered, alleged the discovery of witnesses who would prove that, though the appellees cohabited and were recognized by each other and by the public as husband and wife, this marriage nevertheless was illegal and void, and would also prove the truth of the published charge against her.
The record of the action of slander does not show, by bill of exceptions or otherwise, what law or testimony was before the jury on the trial. We must therefore presume that the judgment for damages was right and irreversible.
It is. a general rule that a new trial should not be granted upon the sole ground of a discovery, after verdict, of parol testimony concerning a point litigated or a fact known to a party, because the converse of this rule would open a wide field for unfairness and subornation, and would tend to protract litigation, and render it not only uncertain,- but almost interminable.” (McFarland’s adm’r v. Clark, 9 Dana, 136.)
And this case is a glaring illustration of the truth and importance of that judicial recognition of a sound principle, consecrated by authority and time. -
*211 The alleged dispovery as to the marriage was only an idle declaration by the husband that if ever married at all, it was when he was so drunk as not to know the fact. This was incompetent against the wife, and also too immaterial to authorize a new trial, which would result only in momentary suspension for misjoinder of plaintiffs and a continued prosecution of the action by the feme alone. But full testimony on this question indisputably establishes both the actuality and legality of a formal marriage, independently of long recognition and cohabitancy.
The testimony claimed as newly discovered, as to the truth of the charge, presents the appellant in a still uglier attitude, and might on a new trial produce an enormous verdict. It consists of the depositions of two monsters, in the form of men, each of whom testified that he had, on the invitation of Mrs. Stalzenberger herself, more than once had sexual intercourse with her at her own house, in open day, in- the public suburbs of the city of Newport; and of the testimony of a vulgar man, who says that she made overtures to him, which he declined because he was a married mam, but sent another to represent him, and who is one of the two witnesses who testified that he went on that mission and instantly succeeded, and whose photograph, filed in the case, exhibits a being stupid and ugly, and repulsive to any woman. That putrid mass of testimony is not only intrinsically incredible, but was, according to established facts, almost certainly hired for the occasion, as the appellant had, according to the proof, tried to hire two other and more respectable witnesses who did not take the bait.
On this loathsome subject we will only add that if the testimony of the extraordinary witnesses had been true, the character of Mrs. Stalzenberger must have been notoriously infamous, and the appellant not only would not have pleaded not guilty, but might, without any doubt or difficulty, have proved her infamy, and avoided a verdict which she could *212 never have obtained unless the jury had been satisfied that she is a proper woman of fair fame.
But if that testimony be honest, the appellant would have discovered it before the trial of the action of slander, for the additional reason that the witnesses were his neighbors and associates, who say that they volunteered their testimony.
Moreover, the facts to which they depose would have been inadmissible unless the defense had been justification. And no prudent court would allow a change of the issue to let in such evidence under the circumstances of this case; and the petition does not appear to change the issue. We can not but feel surprise that there is any doubt that the grounds asserted in the petition are altogether insufficient for a new trial.
Wherefore the judgment dismissing the petition is affirmed.