JOSEPH SEAL & WIFE *v.* JOHN GILBERT'S ADM'R, ET AL.

**New Trial—Irregularities.**

Mere irregularities are not grounds for a new trial after the expiration of the term at which a judgment is rendered.

**Newly Discovered Evidence.**

Where a motion for new trial is based on newly discovered evidence it is not sufficient to show that such evidence is material or even decisive, but it must be shown that such evidence could not, with reasonable diligence, have been discovered and produced on the trial.

APPEAL FROM OWSLEY CIRCUIT COURT.

December 3, 1878.

OPINION BY JUDGE COFER:

In a case like this, mere irregularities are not grounds for a new trial after the expiration of the term at which a judgment is rendered. If the pleadings or proof were deficient, the remedy was by appeal to this court, and not by a petition for a new trial. Secs. 373-579, Myers's Code.

The only ground attempted to be set up in the petition, which could authorize the court below to grant a new trial after the term, was that new evidence had been discovered after the expiration of the term. But it was not sufficient to show that such evidence as was material, or even decisive, had been discovered. It was necessary to show that it could not "with reasonable diligence" have been discovered and produced on the trial. Sub-sec. 369, Myers's Code.

The appellee not only fails to show that he could not, by reasonable diligence, have discovered the evidence now claimed to be newly discovered, in time to produce it on the trial, but he shows affirmatively that he could have discovered it if he had sought for it. True, he alleged that he could not have discovered it, but other allegations show that this is not true. He says there was no counsel in the case after the death of his intestate to represent the interest of his estate. He does not pretend to have made any search in the county clerk's office, to see what his intestate had done with the estate of William Gilbert, deceased, until after the judgment was rendered against him. He seems then to have been aroused to the necessity of giving some attention to the case. He employed an attorney and set about the work he should have attended to years before, and in less than three months afterward, had all the facts necessary to a complete defense, as he alleged. That he found the papers without the aid of indexes to the county court records, or labels on the bundles of settlements, after judgment, proves conclusively that he could have found them before if he had chosen to cause search to be made. He does not claim that he was ignorant until after the trial, that his intestate had made settlement, or give any reason why he did not make the search sooner, except that he had no attorney, which in a case like that was of itself inexcusable negligence. He had no right to be, in silence and without, as far as appears, making the slightest effort to protect the interest of the estate committed to his hands,

until a judgment was rendered against him, and then to ask the court to relieve him by granting a new trial, to enable that to be done that might have just as well have been done years before.

The judgment granting a new trial was a final order. It ended that action, and may be appealed from. *Allen v. Perry,* 6 Bush 85; *McCall v. Hitchcock,* 7 Bush 615.

Judgment *reversed,* and cause remanded with directions to dismiss the petition.

*S. Ensworth, for appellants.   A. J. & D. James, for appellees.*