H. H. PORTER *v.* FIRST NATIONAL BANK OF LOUISVILLE.

[Abstract Kentucky Law Reporter, Vol. 2—212.]

**New Trial on Account of Newly Discovered Evidence.**

A new trial will not be granted on account of newly discovered evidence which is merely corroborative or contradictory to evidence given at the trial.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

February 3, 1881.

OPINION BY JUDGE COFER:

The sole issue on the former trial was whether the bank, at the time of receiving the check for $500 on the Long Branch Bank, paid the appellant the amount of the check and thus became the owner of it, or whether the bank received it for collection and omitted to give the appellant credit.

Evidence was introduced by each party upon that issue. The appellant himself testified that he did not receive the money. Smith, the teller, testified that he did receive it. The newly discovered evidence is therefore merely cumulative. The only effect of the testimony of Kage and the negro woman is to corroborate and strengthen the testimony of the appellant himself. They do not profess to know whether the money was received by the appellant or not. They merely state facts and circumstances conducing to show that he was not at the bank on the day on which Smith swore the money was paid. This evidence does not even conduce in the remotest degree to establish or disprove any fact except such as were testified to on the former trial, but as already said it merely corroborated the testimony of the appellant and conduced to contradict the testimony of Smith.

That a new trial will not be granted on account of newly discovered evidence merely corroborating or contradicting testimony given on the original trial is well settled. *Allen v. Perry,* 6 Bush (Ky.) 85; *Bell v. Offutt,* 10 Bush (Ky.) 632.

Neither the witnesses nor the facts which they prove can in any just sense be said to be newly discovered. The appellant had no doubt forgotten that he was at home all day on the 7th of July, that he did not go to the bank on that day, that he had sent the $1,000 check by Kage, and that Kage and the nurse knew he was sick and at home on that day; but a failure to recollect facts once known will rarely, if ever, warrant the granting of a new trial. The answer of the bank apprised the appellant that the bank would attempt to prove that the money sued for was paid to him July 7, 1877; that the $500 check was purchased and paid for on that day, and was not received for collection.

That answer was filed more than a month before the trial, but the appellant was absent and possibly never saw it until the day of the trial, which occurred within less than a year after the transaction out of which the controversy arose. To grant new trials under such circumstances to enable a party to introduce witnesses to prove facts forgotten in so short a time would lead to the worst consequences and render litigation practically interminable.

Judgment *affirmed.*

*Samuel Cleaver, for appellant.*

*Ward & McAffee, Rodman & Brown, for appellee.*