## URSO & MORSICAN *v.* UNVERZAGT & SMITH.

[Abstract Kentucky Law Reporter, Vol. 2—228.]

**Court of Appeals Will Not Weigh Evidence.**

The law does not permit the Court of Appeals to assume the functions of the jury and weigh evidence, and it will not reverse where the evidence is not flagrantly or overwhelmingly against the finding.

**New Trial on Newly Discovered Evidence.**

A motion for a new trial on account of newly discovered evidence must state the facts from which the court may determine that the party, by the exercise of reasonable diligence, could not have discovered said evidence and produced it at the trial. A new trial will never be granted upon newly discovered evidence when it is only cumulative in its nature, and not by any means conclusive of the issue.

APPEAL FROM HENDERSON COURT OF COMMON PLEAS.

February 15, 1881.

OPINION BY JUDGE HINES:

The question as to whether the goods were purchased for the appellees through Gordon as their agent was submitted to the court. The evidence as to Gordon's agency is somewhat conflicting, but it is sufficient to support the judgment. The law does not permit this court, in such cases, to assume the functions of the jury and weigh the evidence; nor need we do more than state our conclusion that the weight of the evidence is not flagrantly nor overwhelmingly against the finding.

As to the motion for a new trial on the ground of newly discovered evidence it might be sufficient to say that appellants state no facts from which it can be determined that "by reasonable diligence" the evidence might not have been discovered before the trial. It is not sufficient that appellants so allege. They should state facts from which such conclusion by the court would be authorized. Beside, the evidence tendered is only cumulative in its nature, and not by any means conclusive of the issue. *Allen v. Perry*, 6 Bush (Ky.) 85; *Bell v. Offutt*, 10 Bush (Ky.) 632; *Hargis v. Price*, 4 Dana (Ky.) 80.

Judgment *affirmed.*

*A. T. Dudley, for appellants.*

*William Lindsay, H. F. Turner, for appellees.*