## M. C. Marshall *v.* T. W. Senour.

[Abstract Kentucky Law Reporter, Vol. 3—756.]

### New Trial on Account of Newly Discovered Evidence.

A new trial will not be granted on account of newly discovered evidence when such evidence is merely cumulative of evidence given on the trial. A new trial will not be granted on the isolated ground of discovery of witnesses to a fact involved in the issue tried and upon which there was testimony given at the trial.

### APPEAL FROM KENTON CIRCUIT COURT.

April 1, 1882.

Opinion by Judge Hargis:

This appeal is taken from a judgment dismissing the appellant's petition for a new trial upon newly discovered evidence.

Considering the petition, without the amendment which was rejected, as substantially sufficient in every other respect, is the quality and strength of the newly discovered evidence such as would authorize the court to grant the appellant a new trial?

The evidence consists of verbal admissions which two witnesses state they heard the appellee make and which, if admitted, would only add to and strengthen appellant's testimony given on the issue that was tried between them. It is at best but calculative evidence. It is about the disputed fact which was in issue, and fully testified to by the parties themselves on the trial. And to grant a new trial on evidence tending to prove the verbal admissions of the successful party in regard to the same issues and matters that had been determined in the former trial, would be inconsistent with the doctrine laid down in *Respass v. McClanahan,* Hardin (Ky.) 342; *Daniel v. Daniel,* 2 J. J. Marsh. (Ky.) 52; *Allen v. Perry,* 6 Bush (Ky.) 85; *Leonhart v. Stalzenberger,* 7 Bush (Ky.) 209. It is held in the first case named that the discovery of new witnesses to prove any matter which was in issue in the former cause is not a ground for a bill of review. And in *Daniel v. Daniel* the court after laying down the general rule that the discovery of parol testimony to a point tried in the issue is not sufficient to authorize a new trial, says: "We know of no case, in which a new trial has been granted or sanctioned by this court, on the isolated ground of a discovery of witnesses, to a fact involved in the issue at law, and tried."

A number of cases are cited which sustain the principles of that opinion and as it is not alleged that the judgment was obtained by fraud, or that the appellant was surprised, lulled, or mislead in the trial, or that the appellee had prevented the discovery of the evidence before the trial, we can not discover any reason which would exempt this case from the operation of the rule established by the unbroken current of authority in this state.

The character of the evidence relied on is also objectionable. It is both weak and dangerous, and does not belong to that permanent and unerring character of testimony which would necessarily have a decisive influence upon the evidence which appellant would seek to overthrow by it. See *Allen v. Perry,* 6

Bush (Ky.) 85; *Leonhart v. Stalzenberger,* 7 Bush (Ky.) 209; *Mc-Farland's Admr. v. Clark,* 9 Dana (Ky.) 134.

Judgment *affirmed.*

*R. D. Handy,* for appellant.

*H. P. Stephens,* for appellee.