| 87 | 21 |
| 95 | 131 |

87 21
6107 295

| 87 | 21 |
| 126 | 56 |

Case 4—PETITION EQUITY—February 23.

## Mercer, &c., v. Mercer's Adm'r.

APPEAL FROM MARION CIRCUIT COURT.

1. A NEW TRIAL SHOULD NOT BE GRANTED UPON THE GROUND OF NEWLY DISCOVERED EVIDENCE, unless the new evidence be of a decisive char acter. If it be doubtful whether it would have any preponderating influence upon another trial, then a new trial will not be granted. Especially should this rule apply where the newly-discovered evidence is parol and relates to a point litigated upon the former trial.
2. LOST WILLS.— Where a will which was last seen in the custody of the testator can not, after due search, be found, the law presumes that the testator, in some way, with the intention of revoking the will, destroyed it, and if its absence is not accounted for, this presumption will prevail.

BELDEN & SHUCK FOR APPELLANTS.

It is not necessary that a witness relied on to establish the existence of a holographic will should state that the will and the signature thereto were in the handwriting of the testator. It is sufficient if the testator acknowledged that the will and signature were in his handwriting. (Denton & Co. v. Franklin, &c., 9 B. M., 29; 1 Phillips on Evidence, p. 499.)

WM. LINDSAY FOR APPELLEE.

1. The witness relied on to establish the existence of the holograph will is not able to state that the paper which he saw and read was in the handwriting of the testator, and, therefore, his testimony is not sufficient to establish the existence of such a will. Proof of the declara-

tions of the testator that the will was in his handwriting is not sufficient. (Mercer's Adm'r v. Mackin, &c., 14 Bush, 434.)

2. A case like this ought not to be reopened upon testimony of a doubtful character.

RUSSELL & AVRITT on same side.

1. The execution of a holograph will cannot be proved merely by proof of the declarations of the alleged testator that he wrote it; the witness must be able to state that he knows the handwriting to be that of the alleged testator. (Mercer's Adm'r v. Mackin, &c., 14 Bush, 439-40; Waller v. Waller, 1 Grat., 454; s. c., 42 Am. Dec., 564; Clark v. Morton, 5 Rawle, 235; s. c., 28 Am. Dec., 667.)

2. The court will never grant a new trial on merely cumulative evidence. (Allen v. Perry, 6 Bush, 85; Bell v. Offutt, 10 Bush, 648.)

　　Or upon the ground of an alleged discovery of evidence to a point in issue on the former trial. (4 Bibb, 563; 2 Mar., 349; 3 Mar., 109; 2 J. J. Mar., 52; 3 J. J. Mar., 522; 7 Dana, 329; 13 B. M., 225; 9 Dana, 135; 7 Bush, 210.)

3. To entitle a party to a new trial on the ground of newly-discovered evidence, the discovered evidence must be of such permanent and unerring character as to preponderate greatly, or to have a decisive influence upon the evidence to be overcome by it. (Allen v. Perry, 6 Bush, 91; Bright v. Wilson, 7 B. M., 128; 2 J. J. Mar., 52; 3 Mon., 400.)

4. The lost will being in the custody of the testator, and never having been found after his death, the presumption is that he destroyed it himself, with the intention to revoke. (Logan v. Ashe, 1 Bos., 464; Dark v. Wright, 3 Pick., 67; Brown v. Idler, 11 Wend., 183; Brown v. Brown, 10 Va., 84; McBeth v. McBeth, 11 Ala., 569; Mercer's Adm'r v. Mackin, &c., 14 Bush, 434; Chisholm's Heirs v. Ben, 7 B. Mon., 409.)

5. Appellants have shown want of diligence in discovering the alleged newly-discovered evidence.

JUDGE HOLT delivered the opinion of the court.

Persons claiming to be the devisees under an alleged holograph will of Felix Mercer, and also claiming that the original had been stolen and fraudulently suppressed by one of his heirs, offered a writing, purporting to be the substance of it, for probate. After being rejected by the county court, it was established by the circuit court; but upon an appeal to this court the

judgment was reversed, with directions to affirm the judgment of the first-named court. The opinion will be found in 14 Bush, page 434, Mercer v. Mackin.

The only evidence offered to show the execution or existence, or contents of the alleged will, consisted of the declarations of Mercer; and as the testimony failed to show its suppression or loss, and there was, therefore, no competent evidence of its execution or contents to be corroborated by his statements, this court ended the case as above indicated. The propounders had hitherto failed to produce any witness to testify that he had ever seen such a will. When, however, the time within which a petition for a new trial may be filed upon the ground of newly-discovered evidence was drawing to a close, this action was brought for such purpose, based upon the ground, as the petition avers, that a certain party would testify that Mercer had shown him such a will; that he knew it was in Mercer's handwriting; that he had told him it was his will, and that he (Mercer) had written and signed it; and that he (the witness) read it, and that the paper offered for probate conformed in substance to it. When he came to testify, however, he failed to prove that the writing, which he says he saw, was in the handwriting of Mercer, either as to body or signature. He did not know his writing. He does not expressly say that Mercer told him he had himself signed his name to it; but he does testify that Mercer, when speaking of the paper, said that it was his will, and that he had written it. This, by fair interpretation, must be regarded as referring to both the body of the writing and the signature, and as evidence that it was altogether in the handwrit-

ing of Mercer. It had been proven upon the former trial, however, that Mercer said that he had written his own will. Indeed, all that the newly-discovered witness states was then testified to by other witnesses, save no one had seen the alleged paper. There is some other new testimony in this suit beside that of the witness just named; but it is merely cumulative, as is indeed all of it, unless we except the statement of the one witness as to seeing the paper, but as to the execution of which he knew nothing save from the declarations of Mercer. Two reasons, however, render it unnecessary to consider whether, in the absence of the paper, the evidence of this witness, who was unacquainted with Mercer's handwriting, was, under our statute relating to the proof of wills, proper or sufficient evidence of its due execution.

First. It is well-settled that a new trial should not be granted upon the ground of newly-discovered evidence, unless it be of a decisive character. If it be doubtful whether it would have any preponderating influence upon another trial, then it will not avail to obtain it. (Allen v. Perry, 6 Bush, 85.) Especially should this rule apply where the newly-discovered evidence is parol and relates to a point litigated upon the former trial. If the converse of the rule were adopted, it would protract litigation indefinitely, and often lead to subornation and perjury. In this instance the witness whose evidence is mainly relied upon to obtain a new trial is of doubtful character; and this very fact forcibly illustrates the wisdom of the rule just alluded to, and furnishes one reason for adhering to it. The evidence shows that his credibility is at least questionable, while

Mercer, &c., v. Mercer's Adm'r.

the testimony of the other new witnesses is not only merely cumulative, but either contradicted by other evidence in the record, or was known to the appellants at the time of the former trial. It is unnecessary to review it in detail, but sufficient to say, that all of the newly-discovered testimony is of such a doubtful and uncertain character, either by reason of the character of the witness or contradiction, that we do not feel authorized to disturb the conclusion reached by the lower court.

In the second place, there is now no additional testimony as to the suppression or theft of the alleged will. This court, upon the appeal of the main case, was of the opinion that there was no sufficient evidence of its fraudulent suppression. After an examination of the record we see no reason to think otherwise. The only witness whose evidence tends to show it, and that but slightly, is not only an interested party, but of bad character; while the devisee who is charged with the wrong testifies to his innocence, which is to be presumed, and he is sustained by various circumstances.

Admitting, therefore, the existence at one time of a will, properly executed, yet it was last seen in the custody of the testator, and can not now, after due search, be found. Under these circumstances the law presumes that he in some way, *animo revocandi*, destroyed it; and there is no evidence in this record sufficient to rebut this presumption. (1 Jarman on Wills, p. 161.) When not produced its loss must be shown, or absence accounted for, or this presumption will prevail.

Judgment affirmed.