## Ferguson et al. v. Billups.

(Decided May 20, 1932.)

86

A. O. CARTER and W. D. O'NEAL for appellants.

C. F. SEE, JR., and CAIN & THOMPSON for appellee.

Opinion of the Court by Chief Justice Dietzman—Reversing.

This proceeding was initiated in the county court for the purpose of probating the alleged lost will of H. E. Ferguson. The application was denied in the county court, but upon an appeal to the circuit court the propounders were successful. The alleged lost will devised all of Ferguson's property to Maggie Billups, a foster daughter, whom he had reared from infancy, and to whom he was devoted. The present appeal is by the collateral relatives of Ferguson who would inherit his property in the absence of a will. In order to establish a lost will, it is essential to prove the due execution, contents, and continued existence of the will unrevoked by the testator. Chisholm v. Ben, 7 B. Mon. 408; Baltzell v. Ates, 181 Ky. 415, 205 S. W. 548; Wood v. Wood, 241 Ky. 506, 44 S. W. (2d) 539. Each of the essential elements of such a case must be proven by clear and convincing evidence. Bradshaw v. Butler, 125 Ky. 162, 100 S. W. 837, 30 Ky. Law Rep. 1249. The declarations of the deceased, whether before or after the alleged testamentary act, are competent in corroboration of other evidence of the main facts, but insufficient in and of themselves to prove either of the essential ingredients. Atherton v. Gaslin, 194 Ky. 460. 239 S. W. 771; Mercer v. Mackin, 14 Bush 434. Bear-

ing these principles in mind, we proceed to a consideration of the questions presented by this record.

1. The provisions of the lost will were proven by one of the witnesses to it. He testified that he had known Mr. Ferguson for many years. Some time in the year 1925, Mr. Wallace, an attorney, and Mr. Ferguson, together with another person, came to his place of business, and requested him to witness Mr. Ferguson's will. He examined and read the will, which in substance left the entire estate to Mrs. Billups. Mr. Wallace asked Mr. Ferguson, after the will was read to him, if that was the way he wanted it, and he said it was. Mr. Ferguson then signed the will in the presence of two witnesses, and the two witnesses signed it in the presence of the testator and at his request. The third party was thought to be Mr. Hale, but the witness was uncertain as to the identity. He was laboring under the belief that Mr. Hale was the other witness, but his uncertainty arose when Mr. Hale did not remember signing the will as a witness. Mr. Hale testified that he did not remember whether he had or had not witnessed the will. There was other evidence to the effect that the signature of one of the witnesses to the will was that of Mr. Hale. The evidence was ample to sustain the verdict of the jury upon the issue respecting the due execution of the will. Robertson v. Robertson, 232 Ky. 572, 24 S. W. (2d) 282. It was done under the supervision of an experienced lawyer, and apparently the will was executed in the most formal manner. There was likewise abundant evidence as to the contents of the will, produced by persons who had read it and confirmed by numerous declarations of the testator. The fixed purpose of Ferguson to provide for his foster daughter was repeatedly made manifest. She had been devoted to him, and he recognized his obligation to her because of long and loyal service as a dutiful foster daughter.

2. Notwithstanding the satisfactory proof as to the execution and contents of the will, there is a further exacting condition to be met by the propounders. It must be shown that the will was maintained in existence and not revoked by the maker. The fact that the will was last seen in the custody of the testator, and was not found after his death in its accustomed place, constituted a cogent circumstance tending to prove its revocation. Indeed, the failure to find a will last seen in the control of the testator raises a presumption that it was destroyed

by him for the purpose of revoking it. Mercer v. Mercer, 87 Ky. 21, 7 S. W. 307, 9 Ky. Law Rep. 870; Webster v. Lowe, 107 Ky. 293, 53 S. W. 1030, 21 Ky. Law Rep. 998; Baltzell v. Ates, 181 Ky. 415, 205 S. W. 548. The inference thus arising is corroborated in this case by the declarations of Mr. Ferguson made to Dr. Bussy and Willie Heston. Dr. Bussy testified that Mr. Ferguson told him he had torn up the will so that Mr. and Mrs. Billups would not get anything from his estate. The statement was made some several months before the death of Mr. Ferguson, probably three or four months before that event. Willie Heston testified that Mr. Ferguson said he had once intended for Mrs. Billups to have all of his estate, but because of the manner in which she had treated her child he had fixed it so that she would not get it. The time of this conversation is not shown. The inference that Mr. Ferguson was ever aggrieved at Mrs. Billups is rebutted by the testimony of numerous witnesses.

The inferences from the other facts stated may be rebutted by the proof of circumstances or declarations inconsistent with a revocation of the will. Bradshaw v. Butler, 125 Ky. 162, 100 S. W. 837, 30 Ky. Law Rep. 1249; Baltzell v. Ates, 181 Ky. 415, 205 S. W. 548.

The actual loss of the will may be shown or its absence accounted for, to rebut the presumption of revocation arising from the failure to find it. Mercer v. Mercer, 87 Ky. 21, 7 S. W. 307, 9 Ky. Law Rep. 870.

The issue was submitted to the jury by a specific instruction, and if there was sufficient evidence to sustain the verdict on that point the result must stand. The appellee argues that the will was kept in a trunk and that a few days before the death of the testator Mrs. Billups saw the will in its regular place in the trunk; that the trunk was locked and she had the key; that after the death of the testator the trunk was intact and undisturbed. A few days later the administrator of the estate went to examine the trunk and Mrs. Billups went with him. They found that the trunk had been broken open and no will could be found. From this it is insisted that some one interested in a destruction of the will had broken open the trunk and destroyed the will. These circumstances are relied upon to rebut the presumption of revocation. The argument, however, assumes more than is warranted by the evidence.

The record discloses these facts: Mrs. Billups saw the will several times and read it. It was kept in a trunk at the home of Mr. Ferguson. She did not state when she last saw it. She got some clothes in which to bury Mr. Ferguson out of the trunk and the papers appeared to be intact. The book in which the will was kept was on the top in the trunk as usual. She got the keys to the trunk out of Ferguson's pocket after his death, and after she got out the clothes she relocked the trunk and kept the keys. The next time she saw the trunk it had been broken open and the will was not there. John D. Marcum testified that after the death of Mr. Ferguson, the appellant Walter Ferguson said he thought it his duty to look and see if there were any papers; that he was afraid that Mr. and Mrs. Billups would tear them up or something. Fred Pack testified that the lock on the trunk was broken like it had been prized open. In October, about three or four months before his death, Mr. Ferguson made a statement to the effect that a certain house of his would be the property of Mr. Billups. About the first of December, preceding his death in January, Mr. Ferguson went to the office of H. G. Wellman, who had witnessed his will, and said: "I see the Court of Appeals decided against you in that will case." Mr. Wellman told him yes, and he then asked what the grounds were and was told they claimed his aunt was not in her right mind when she made the will. Mr. Ferguson said: "You know I was in my right mind when I made mine."

We find no evidence that any one saw the will after the death of Mr. Ferguson, or after his declaration of its destruction testified to by Dr. Bussy. The strongest circumstance is the statement to Mr. Wellman in December, but even that is but an implied or inferential recognition of the continued existence of the will. It is hardly sufficient to overcome the presumption of revocation arising from the fact that the will was last seen in the custody of the testator and after his death could not be found, especially when corroborated by his declarations to Dr. Bussy and Willie Heston. It was not shown that the will was in the trunk at or about the time of Ferguson's death, or after that event. It could not be inferred that it was wrongfully withdrawn therefrom when the trunk was broken into without some evidence that it was there. The opportunity was presented to Walter Ferguson, he had a motive to be served in suppressing the will, and

his statement to Marcum indicated that he at least intended to make a search for papers. But the difficulty is that no one so far as shown saw the will after the testator told Dr. Bussy that he had destroyed it. The inference that some one may have broken into the trunk would afford no proof that he found any will therein. The rules of evidence forbid the pyramiding of inferences to support a conclusion. Broughton's Adm'r v. Congleton Lumber Co., 235 Ky. 534, 31 S. W. (2d) 903. The statement to Dr. Bussy would have less weight if there was evidence of the actual existence of the will after that time. In the absence of such evidence the verdict is not sufficiently sustained and a reversal is required. Since additional evidence may be adduced on a new trial, all questions not decided in this opinion will be reserved.

3. The testimony of Mrs. Billups as to the contents of the will, and the signatures of the witnesses, is competent. But she may not testify for herself as to statements of the testator, made to her in the absence of her adversaries. Hale v. Hale, 242 Ky. 810, 47 S. W. (2d) 706.

Since a new trial will be necessary it is proper to call attention to the fourth instruction, which should not be given. It advised the jury of the presumption arising from the fact that the will was last seen in the possession of the alleged testator and could not be found after his death. The presumption is a rule of evidence, rebuttable by other evidence, and should not be incorporated in an instruction to the jury. Hobson, Blain & Caldwell, Instructions to Juries, sec. 32, p. 14; Henning v. Stevenson, 118 Ky. 318, 80 S. W. 1135, 26 Ky. Law Rep. 159.

The error was in favor of the appellants, and not available to them, but in view of another trial we deem it necessary to direct the omission of that particular instruction. The other instructions fully covered the case.

The judgment is reversed for a new trial, not inconsistent with this opinion.