**LOY et al. v. LOY et al.**

Court of Appeals of Kentucky.

Feb. 22, 1952.

H. B. Jones, Columbia, for appellants.

Earl Huddleston, Columbia, for appellees.

STEWART, Justice.

This appeal is from a judgment of the Adair Circuit Court upholding the probate of an alleged missing will, purportedly destroyed over the protest of the testatrix.

There seems to be no question that the will once had a physical existence. Paul Price and Opal Price testified that they witnessed a document that was acknowledged by Edna Loy, the testatrix, and by Willis Loy, the testator, who were husband and wife, as their joint will. This occurred in 1933 or 1934 in the kitchen of the Loy home at Glensfork in Adair County. Edna Loy died on December 27, 1948. Mr. and Mrs. Price in their depositions taken on interrogatories gave identical statements to the question as to whether the will was read by or read to them and, if so, as to what it provided. The answer of each of them was to the effect that neither of them read the will nor was it read to either of them at the time, but the contents "were explained to us by both Mr. and Mrs. Loy. The will provided that in case of the death of Mrs. Loy the property was to go to Mr. Loy, and vice versa."

In 1938, Willis Loy was adjudged insane and was committed to the hospital for the insane at Lakeland where he remained three years. He has not since then been adjudged to be of sound mind, and, in December of 1948, he was recommitted as a lunatic to the hospital for the insane at Danville. Either before or after he became an inmate of the first institution above named, according to Edna Loy, her husband destroyed the alleged joint will over her protest at a date she did not fix. Mrs. Loy, during her lifetime, made this statement to a neighbor, Frosia Darnell, and we obtain this information from the deposition of Mrs. Darnell. Mrs. Paul

Aarons, another neighbor, testified that Mrs. Loy, in her last illness, stated to her that, "She wondered what the children (her nieces and nephews) would do with the place (her home), she hoped they would keep it."

Mrs. Darnell also testified that Edna Loy told her that "* * * she and her husband had a joint will. That in case one died the other got the property." Iven Loy, a brother of Willis Loy, was asked in his deposition if he knew that his brother and the latter's wife had ever executed a will. His reply was: "Yes, he had told me several years ago that they had a will, that the survivor was to receive what was left of their estate." This same witness stated that his insane brother "* * * Told me he burned it (the will) up." Mrs. Myrtie Johnson, a sister of Willis Loy, gave this statement in her deposition: "She (Edna Loy) said that they had made a joint will, ever which one died first the other was to have what was left."

The question to be resolved is whether the evidence disclosed by the record establishes in a valid manner the contents of the missing will.

■ In order to probate such a document as the one in controversy, its due execution, its contents and the fact that it has never been revoked must be clearly shown. Pritchard v. Harvey, 272 Ky. 58, 113 S.W. 2d 865. Each of these elements must be proven by clear and convincing evidence. Bradshaw v. Butler, 125 Ky. 162, 100 S. W. 837.

■■ This Court has declared on numerous occasions that the declarations of the deceased, whether before or after the alleged testamentary act, are competent in corroboration of other evidence of the main facts to which the declarations are addressed but are insufficient in and of themselves to prove any of the ingredients essential to establish a lost will. Ferguson v. Billups, 244 Ky. 85, 50 S.W.2d 35; Baltzell v. Ates, 181 Ky. 413, 205 S.W. 548. This means in effect that the contents of a missing will must be established by a witness who saw or read the will and who can give the substance of its provisions. Allen

v. Lovell's Adm'x, 303 Ky. 238, 197 S.W. 2d 424.

■ In the case at bar, when we boil the testimony down to its essence it is beyond dispute that the only knowledge we have as to the contents of the supposedly destroyed will consists of the oral declarations of the testatrix or of her husband. The mere declarations of the testatrix, standing alone, no matter how oft repeated, are not sufficient to establish the contents of an alleged lost or destroyed will. Wood v. Wood, 241 Ky. 506, 44 S.W.2d 539, 540, had this to say concerning the sufficiency of the testator's oral declarations to prove the substance of a lost will: "It does not aid the declaration of the deceased concerning the contents of a paper to prove that he carefully caused the paper to be prepared and executed; for, when the formal document is lost, its contents must be proved by some one familiar with the facts from reading the document itself. Indeed, it has been said that the testimony of a witness who heard the testator read his will amounted to nothing more than proof of the declarations of the alleged testator."

■ The admission of oral declarations of a deceased person in corroboration of other evidence of the main facts to establish a lost will is a broad exception to the hearsay rule. To weaken this rule by allowing the contents of a lost will to be proved only by the oral statements of a testator would make the establishment of spurious wills a comparatively easy matter. Third persons would be given an opportunity to testify without fear of contradiction as to the oral statements of the maker of the missing will after his own lips have been sealed by death. Persons often make false or misleading statements when talking about their own wills for the very purpose of concealing the truth. There is probably no secret that is more jealously guarded than the contents of one's will. It would be dangerous indeed to permit the statements a testator might have made with the intent to mislead or to mystify curious or expectant relatives to be used as the truth in establishing the contents of his lost will after his death.

580

The testimony of the husband as to the contents of the alleged will were inadmissible under the circumstances of this case and must be disregarded. See Section 606(2) of the Civil Code of Practice; and Hale v. Hale, 242 Ky. 810, 47 S.W.2d 706.

Wherefore, the judgment is reversed for proceedings not inconsistent with this opinion.