**NOLAND et al. v. TURLEY.**

Court of Appeals of Kentucky.

Dec. 5, 1952.

Rehearing Denied March 20, 1953.

John Noland, Richmond, for appellants.

Wiggins & Wiggins, Richmond, for appellee.

WADDILL, Commissioner.

R. B. Turley, an aged widower, died on May 6, 1950, a resident of Madison County, Kentucky. He was survived by three sisters and several nieces and nephews. After his death a search was made for his will but it could not be found.

On May 9, 1950, appellee, James Robert Turley, a nephew of decedent, filed a petition in the Madison County Court seeking to have probated an alleged copy of decedent's will. The county court refused to probate the paper. An appeal was taken to the circuit court and a trial was had before a jury which resulted in a verdict and judgment declaring the paper offered for probate to be the last will and testament of R. B. Turley. Numerous relatives of the decedent have appealed.

In order to establish a lost will it is necessary for the proponent to prove (1) the execution of the instrument; (2) its contents; (3) that it has been lost and cannot be found; and (4) the continued existence of the will unrevoked by the testator. It is conceded that the first two essentials have been established.

The chief argument advanced in behalf of appellants is that the proof offered by appellee is insufficient as a matter of law to overcome the presumption that R. B. Turley revoked the will which he executed on April 30, 1941.

The evidence disclosed that on April 30, 1941, R. B. Turley went to the office of Hon. E. Selby Wiggins, an attorney at law, and executed a will which Mr. Wiggins had prepared for him. The will was delivered to the testator and attorney Wiggins retained a carbon copy.

By the terms of his will he gave his personal property to appellee, James Robert Turley, and his real estate, then consisting of a 34 acre farm, was devised to James Robert Turley, and James Robert's wife, Marie Anderson Turley, jointly for and during their lives, and at their deaths to their children, but if they had no children, to the heirs of James Robert Turley. James Robert Turley was named executor of the will.

The will, insofar as the evidence reveals, was never seen again, although a diligent search was made to find it.

Appellee introduced numerous witnesses who testified to acts and declarations of R. B. Turley, from 1941 to a short time prior to his death, which not only reveal the close and affectionate relationship that existed between R. B. Turley and James Robert Turley, but also tend to show that he had made James Robert his beneficiary by his will.

James Shaw testified that on April 1, 1950, R. B. Turley told him "I am leaving everything I have got to James Robert" and, also, that he had a will in the bank.

Mrs. Rose Turley, mother of James Robert, testified that in 1947, R. B. Turley moved to her home and lived there until his death. Mrs. Turley stated that James Robert and his wife also lived at her home during this period of time. She further stated that on the day R. B. Turley was taken to the hospital, which was immediately prior to his death, he called her and James Robert to his bedside and told them that he had some papers and bonds and his will at the State National Bank & Trust Company and that Spears Turley would tell them what to do. However, Spears Turley, Vice President and Trust Officer of the State National Bank & Trust Company of Richmond, Kentucky, testified that after R. B. Turley's death, he made a search for R. B. Turley's will and found certain papers in the bank belonging to R. B. Turley, but did not find his will.

Although appellants introduced evidence upon their theory of the case, we do not believe it would serve any useful purpose to detail it here as we have concluded that appellee's evidence was sufficient to take the case to the jury and to sustain its verdict.

In reaching our decision we have recognized that the burden is on appellee to overcome the presumption that R. B. Turley revoked the will last seen in his custody when it could not be found or its loss accounted for after his death. Webster v. Lowe, 107 Ky. 293, 53 S.W. 1030, 21 Ky. Law Rep. 998; Mercer v. Mercer's Adm'r, 87 Ky. 21, 7 S.W. 307, 9 Ky.Law Rep. 870. But this presumption was overcome by testimony relating to acts and declarations of R. B. Turley, which were admissible on this phase of the case.

Under the evidence the sole question was whether or not R. B. Turley revoked the will that was executed by him on April 30, 1941. Therefore, this issue of fact, the credibility of the witnesses and the weight to be given their testimony were matters for the jury. Clemens v. Richards, 304 Ky. 154, 200 S.W.2d 156; Baltzell v. Ates, 181 Ky. 413, 205 S.W. 548.

Judgment affirmed.