**Frank MIMMS et al., Appellants,**

v.

**Roy H. HUNT, Administrator of the Estate
of Mary Gill Gough, Deceased, et al.,
Appellees.**

Court of Appeals of Kentucky.

Oct. 9, 1970.

Charles L. Trevathan, F. L. Pearl, Pearl
& Trevathan, Louisville, for appellants.

Richard W. Iler, Louisville, Jesse L.
Riley, Jr., Russellville, William H. Walden,
Louisville, for appellees; Bullitt, Dawson
& Tarrant, Louisville, of counsel.

CLAY, Commissioner.

This is a lost will case. Probation of a
carbon copy was denied in the county court,
but on appeal to the circuit court a jury
found it to be the last will and testament
of Mary Gough. On a motion for judg-
ment n. o. v. the circuit court set aside the
verdict on the ground that the evidence of
those seeking to probate the will was not
sufficient to rebut the presumption that it
had been revoked.

We have no question in this case with
respect to the execution or contents of an
original will. Twenty-two months prior
to the date of her death, Mary Gough, a
widow then aged 76, had her lawyer pre-
pare a will in which she left most of her
estate in trust to nieces and nephews. The
original and one copy were signed, wit-
nessed and attested with identical formali-
ties. The original was turned over to the
decedent. As far as this record shows, no
one else thereafter saw it.

The decedent died in her apartment.
After her body was discovered, her physi-
cian and a niece entered the apartment and
removed papers and other personal items
from a secretary-desk. These items were
taken by the niece to her home but later
most of them were returned to the dece-
dent's apartment. When a search for the
will was made, it was not to be found.

Several witnesses, including the dece-
dent's physician, attorneys and friends, tes-
tified concerning acts and declarations of
the decedent prior to her death. Their tes-
timony was to the effect that on numerous
occasions she had referred to a will pre-
pared by her which satisfactorily took care
of all her business affairs. In fact, her
last reference to this will was made to one

of the witnesses on the evening preceding her death. There was also testimony she had made statements indicating she kept this will in the drawer of the secretary-desk, with the last reference to its location being made approximately five months prior to her death. At no time had she advised anyone that she intended to change or revoke it.

The clear-cut ultimate issue in this case is whether the will was lost or intentionally destroyed for the purpose of revoking it. It is well settled that a will last seen in the decedent's custody which cannot be found after his death is *presumed* to have been revoked by destruction. Wood v. Wood, 241 Ky. 506, 44 S.W.2d 539 (1931); Pritchard v. Harvey, 272 Ky. 58, 113 S.W.2d 865 (1938); Clemens v. Richards, 304 Ky. 154, 200 S.W.2d 156 (1947); Watson v. Watson, Ky., 245 S.W.2d 586 (1952).

This line of cases stands for the proposition that the burden is on the proponent of an allegedly lost will to overcome this presumption. It is a rebuttable presumption, which may be overcome by proof of acts and declarations of the testator. Baltzell v. Ates, 181 Ky. 413, 205 S.W. 548 (1918); Ferguson v. Billups, 244 Ky. 85, 50 S.W.2d 35 (1932); Rowland v. Holt, 253 Ky. 718, 70 S.W.2d 5 (1934).

These cases establish a requisite of "clear and convincing" proof, which is defined in Glass v. Bryant, 302 Ky. 236, 194 S.W.2d 390, 393 (1946), as:

"\* \* \* the entire proof, together with surrounding circumstances shall be such as to convince a reasonable mind of the truth of the grounds alleged, and to dispel any well-founded doubt upon the subject."

Our problem, and the one confronted by the circuit judge, involves the nature and the quantum of evidence required to raise a submissible jury issue. Appellees (a brother and sister of the decedent) and the trial court relied on a line of cases which declare that, *standing alone,* the declara-

tions of the decedent, though admissible, are insufficient to prove either the execution, contents or loss of the document. What appellees designate as the "keystone case" is Mercer's Adm'r v. Mackin, 77 Ky. (14 Bush) 434 (1879). The matter was relitigated in Mercer v. Mercer's Adm'r, 87 Ky. 21, 9 Ky.Law Rep. 870, 7 S.W. 307 (1888). The first case involved the attempt to prove the execution, existence and contents of an alleged holographic will. Those seeking to probate the will never reached the issue of whether or not it was lost or revoked. The principle stated in the first Mercer case was followed in Wood v. Wood, 241 Ky. 506, 44 S.W.2d 539 (1931), and Loy v. Loy, Ky., 246 S.W.2d 578 (1952), both of which involved the question of proving the *contents* of the alleged lost will. The rule was given further lip service in Ferguson v. Billups, 244 Ky. 85, 50 S.W.2d 35 (1932), and Pritchard v. Harvey, 272 Ky. 58, 113 S.W.2d 865 (1938), but those decisions shed little light on the problem we have here.

In passing we may observe that the foregoing cases create some confusion in classifying "the loss of the document" as an "ingredient" in proving a lost will. The loss, of course, is the ultimate issue in the case. Execution and contents are essential conditions which must be established before we arrive at the question of what allegedly existed was lost. However that may be, we are of the opinion that in the present case the proven circumstances and the declarations of the decedent, under any reasonable rule, were sufficient to create a jury issue as to whether the will was lost or revoked.

Almost inevitably the establishment of the loss of a will is dependent upon circumstantial evidence. Declarations of the decedent fall within that category. Even if declarations alone are insufficient, we have in this case many circumstances which tend to prove the will was lost rather than revoked. One is the age of the testatrix when she executed the will. (An older person whose affairs are settled is more

likely to have executed such instrument as a final act.) Another is the fact that she engaged a lawyer to draft what she must have considered an important document, and she did not advise him of any intention to change or revoke it. Another is the relatively short time lag between the execution of the will and the date of death. Another is that the beneficiaries of her will were the natural objects of her bounty. Another is that other persons had access to, and actually removed from her home certain unidentified papers immediately upon the discovery of her death. (The will could have been among these papers and could have been lost by the person who transported them from the apartment and later returned them.) Coupled with these circumstances is the fact that those resisting the probate of this will introduced no evidence to indicate the decedent had expressed to anyone an intention to change or revoke it.

■ Consistent with the above circumstances were the declarations of the decedent, which were admissible. Noland v. Turley, Ky., 255 S.W.2d 495 (1953). They strongly support (and are a part of) the circumstantial evidence indicating the will was somehow lost rather than intentionally destroyed. Considering the proof as a whole, it was amply sufficient to present a jury issue. We believe the trial court erred in declining to accept the jury verdict.

Appellees have questioned the correctness of an instruction to the jury and assert that if the judgment is reversed, they should be granted a new trial. We have examined this instruction, and though we do not approve its form, have concluded it fairly presented the basic issue in this case.

The judgment is reversed, with directions to enter judgment on the verdict.

All concur.