FREDERICK RICKLE v. BENJAMIN F. DOW, EDWARD P. BURRALL ET AL.

*Bona fide purchaser—Judgment on a note is no bar to setting aside a mortgage security—Equitable jurisdiction to vacate judgment.*

The payees of a note given to a certain person as their agent and by him transmitted to them, cannot claim to hold it as merely *bona fide* purchasers.

The fact that a judgment has been recovered on a note secured by mortgage is no answer to a suit by the mortgagers to have the mortgage set aside on showing that the note has actually been paid.

When judgment was tortiously obtained upon a note after the debt had been actually paid, it was held that a court of equity that had obtained jurisdiction of the matter for the purpose of setting aside a mortgage given to secure the note, might examine into the whole case and give complete relief.

Appeal from Barry. Submitted June 12. Decided June 18.

INJUNCTION to restrain the collection of a judgment. Complainant alleges that having agreed to take an interest in a threshing machine purchased by one Brakefield from the firm of B. F. Dow & Co., he gave his note for $160 to be paid on the original purchase notes which Brakefield had given to Burrall as their agent. He delivered the note to Burrall and gave him a mortgage to secure it, but as the agreement between himself and Brakefield was afterwards rescinded, Brakefield undertook to procure a settlement of the note and mortgage and paid Burrall $115.55 for which Burrall gave him a receipt. B. F. Dow & Co. continued, notwithstanding this payment, to hold the note and mortgage, and afterwards brought suit upon the note and took judgment by default for the whole amount, complainant having relied on Burrall's assurances that he would explain the matter to them and have the suit withdrawn.* Complainant asks that if it shall be made to appear that the note

and mortgage were given in part payment and as collateral security for the payment by Brakefield of the latter's own note for $300 to B. F. Dow & Co., and that Brakefield had himself paid the $300 note, B. F. Dow & Co. may be directed to surrender the note and discharge the mortgage. The bill asks also that the judgment be declared fraudulent and void and set aside, and that all moneys which complainant had paid on the execution issued on said judgment in the mistaken belief that Brakefield had not paid his note in full, may be refunded. The bill was dismissed in the court below and complainant appeals.

*C. G. Holbrook* for complainant.

*Sweezey & Knappen* for defendants B. F. Dow & Co.

MARSTON, J. There is abundant evidence in this case, in the letters and course of dealings of the parties, to establish the fact that Burrall was the recognized agent of B. F. Dow & Co. This being so, Dow & Co. are bound by his acts and cannot now repudiate them. The note in question was given to Burrall as their agent. It was payable upon its face to the order of B. F. Dow & Co., and was transmitted to and received by them. Under such circumstances it is somewhat difficult to discover upon what theory they can be considered as *bona fide* purchasers thereof. There are still other reasons appearing which would prevent their claiming to hold this paper as *bona fide* purchasers thereof, but we need not refer to them. The $300 note, to which this note may be considered given as collateral, having been fully paid by Brakefield, Dow & Co. could not thereafter insist upon payment of this note or any part thereof. They had already been paid the full amount of their claim, and they could not insist upon payment of it a second time from this complainant.

It was insisted, however, that Dow & Co. having recovered a judgment upon this note against com-

plainant, they have a right to enforce such judgment, and that this is all they have been seeking to do. Complainant claims that he did not appear and defend in that case by reason of being misled by Burrall, the agent of the plaintiffs in that suit. This might be considered a sufficient excuse, but there is still another ground upon which complainant is entitled to come into this court and seek relief.

The note in question was secured by mortgage upon complainant's real estate. While the judgment might bind complainant personally, yet it would not affect the security or prevent complainant from having the mortgage set aside, upon showing that the obligation it had been given to secure had in fact been paid. The fact that a judgment had wrongfully been obtained upon the note, binding upon the defendant in that case, would be no answer in the suit to have the mortgage set aside and his real estate released from the mortgage cloud resting thereon. The court having obtained jurisdiction for this purpose, may, we think, well proceed and examine into the whole case and give complete relief in the premises.

The decree of the court below dismissing the bill must be reversed and a decree rendered in accordance with the prayer of complainant's bill, with costs of both courts.

The other Justices concurred.