MARY M. THAYER *vs.* FLORENCE KITCHEN & another.

Middlesex. November 10, 1908. — January 5, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Conversion. Actionable Tort. Practice, Civil,* Declaration. *Probate Court. Conspiracy. Will.*

In an action of tort, the declaration covered six and one half pages of the printed record before this court, contained extended allegations of the relations of the plaintiff, an unmarried woman, with one R., a widower, and a statement that R. had agreed to give to the plaintiff certain stocks, bonds and securities amounting to $30,000 and to leave her substantially his entire estate by will, that R. made a will and wrote testamentary directions, both of which were in his possession at the time of his death, and "further left to the plaintiff stocks, bonds and money to a large amount . . . all of which belonged to and was the property of the plaintiff," that the defendants, conspiring together to deprive the plaintiff "of all advantages arising to her from a full and complete performance of her contract with R.," made and executed a plan whereby on R.'s death one of them entered the room where he lay and took away the will he had made, the testamentary directions he had written, and all his stocks, bonds and money which were there. There was not in the declaration any description of specific property, nor any other allegation of ownership by the plaintiff than is above set out. The defendant demurred. *Held,* that the declaration did not contain allegations sufficient to maintain an action of tort for conversion.

An action of tort cannot be maintained by one mentioned as a legatee in a will against persons who by conspiring together procured and retained possession of the will and prevented its being offered for probate, since the Probate Court has power to give the aggrieved party ample redress, and therefore has exclusive jurisdiction of the matter.

CONTRACT OR TORT, setting forth no contract and treated by the court as an action of tort only. Writ in the Superior Court for the county of Middlesex dated July 16, 1906.

The declaration as amended was in one count, occupied six and one half pages of the printed record and contained in substance the following allegations:

The defendant Florence Kitchen had been appointed administratrix of the estate of one Auguste Rolland, who died on May 15, 1905, leaving no wife and as his only heir the said Kitchen. The defendant Stephen R. Jones was an attorney at law in Boston, a business adviser and a social and intimate friend of the defendant Kitchen. Auguste Rolland was a man of large means and for ten years previous to his death had lived at the Hotel Thorndike in Boston. In July, 1895, he had sought and secured the companionship and assistance of the plaintiff, and in consideration of the services rendered and to be rendered and the sacrifices made and to be made for him by the plaintiff, Rolland " promised and agreed to leave to the plaintiff a sum of money sufficient for her support during life, in money, bonds, securities and stock in a sum not less than $30,000, and to leave to the plaintiff, by will, substantially his entire estate of which he should be seised or the owner of at the time of his decease and to leave to the plaintiff the property aforesaid, for her support and independent maintenance during her life, the same to be paid to her at the time of his death in the event that they were not sooner married, and that she should marry him at any time when the said Rolland so desired." The plaintiff performed the services and made the sacrifices required and during the remainder of Rolland's life was his close and almost sole companion, but no marriage took place.

In May, 1905, Rolland made a will and also wrote some testamentary directions, both of which instruments were in his possession at the time of his death, in which he did as he had promised the plaintiff to do in making provision for her, " and the said Rolland further left to this plaintiff stocks, bonds and money to a large amount for her own separate use, benefit and support, all of which belonged to and was the property of the plaintiff."

Learning of the last sickness of Rolland, the defendants

" conferred together and then and there combining, confederating and conspiring for their own lucre, benefit and gain to injure and defraud the plaintiff, and so to arrange matters that the plaintiff should be deprived, refused and cut off from all advantages arising to her from a full and complete performance of her contract with the said Rolland and to deprive her of any interest or right or gratuity or remuneration for her services rendered or otherwise and from all benefits resulting from the last wishes of the said Rolland," planned that the defendant Jones should take apartments near those of Rolland at the hotel and that, immediately on Rolland's death, Jones " was to enter the room where the deceased lay, seize, take and carry away all of the papers, documents, money, bonds, letters, notes and all written instruments and then and thereafter hold, secrete and conceal the same and thereafter to claim and maintain in pursuance of their said acts, conduct and purpose that there were no written instruments or documents as aforesaid, no stock, bonds, or money in said room, no bank account and only a very small estate, if any, and that this plaintiff had no rights as creditor or otherwise, although the said Jones and the said defendant Kitchen knew and had well known for many years up to the time of the said Rolland's decease the duties, relations and friendship and attachment between the said Rolland and the plaintiff." The plan was carried out.

The defendants demurred on grounds both general and specific. The demurrers were sustained by *Fox*, J., judgment was entered for the defendants, and the plaintiff appealed.

*H. N. Allin*, for the plaintiff.

*F. W. Eaton*, for the defendants.

RUGG, J. This is an action of tort. The defendants' demurrer to the declaration was sustained. Judgment was thereupon entered for the defendants, from which the plaintiff appealed. The allegations of the declaration are voluminous. There are some floating statements, which, it is argued, amount to an averment that one Rolland gave to the plaintiff certain stocks, bonds and other securities, which the defendants have taken and secreted. But the pleading falls far short of any sufficient allegation of conversion, and indeed does not appear to be directed to any such end. That form of declaration is familiar, and its

material averments are brief and lucid. If that was the kind of action intended, the declaration was plainly open to objection as composed of ambiguous, multifarious and irrelevant matter, and not being a concise and substantially certain statement of the substantive and necessary facts. If, however, from the mass of language employed there is excerpted all that looks toward trover, it is plainly insufficient. There is no description of specific property, but merely a general reference to certain classes of personal property, which is utterly devoid of definiteness. It is also extremely doubtful if there is any averment of ownership, save as an alleged inference from other circumstances, which in themselves are inadequate to show any title vesting in the plaintiff at any time.

The declaration is obviously framed with another purpose. It is not necessary to recite its substance further than to say that it avers that one Rolland executed and left unrevoked at his death a will, in which the plaintiff was named as beneficiary to a large sum, and that the defendants immediately after the decease of said Rolland took possession of-this will, and have concealed or destroyed it, and denied its existence, so that the plaintiff has failed of her legacy. The only question is whether this constitutes a cause of action at law.

Under the law and practice in this Commonwealth, the Probate Court has exclusive original jurisdiction of all matters pertaining to proof of wills. Speaking generally, the Probate Court is established for the purpose of passing upon all probate matters. Hence such proceedings pertaining to wills, in the first instance, belong there, and its decrees touching those subjects are binding upon all other tribunals. The subject has been discussed in *Waters* v. *Stickney*, 12 Allen 1, *Gale* v. *Nickerson*, 144 Mass. 415, and *Crocker* v. *Crocker*, 198 Mass. 401, and it is not necessary now to traverse the ground anew. The Probate Court has full authority in proper cases to allow the proof of a lost will by any competent evidence of its contents. *Tarbell* v. *Forbes*, 177 Mass. 238. Express provision is made in detail by R. L. c. 135, §§ 14, 15, requiring any person having the custody of the will of a deceased person to seasonably deliver it to the Probate Court having jurisdiction, with a heavy penalty upon one, who fails in this duty unreasonably, after being duly cited into court

for this purpose, and conferring full power as to examination under oath of any suspected person. This court has never had occasion to consider what relief apart from statute might be open to persons injured by concealment or destruction of wills. The subject has been regulated by statute at least since Prov. St. 1692–3, c. 14, § 2; 1 Prov. Laws (State ed.) 45. *Hill* v. *Davis*, 4 Mass. 137. Decisions in other jurisdictions, where a different practice prevails, and where relief in chancery or otherwise has sometimes been afforded, need not be reviewed. It is possible that apart from the statute the Probate Court would be the only tribunal clothed with power in the premises. *Stebbins* v. *Lathrop*, 4 Pick. 33. But, however this may be, the subject is one of difficulty, and precisely what relief might be given and in what court is not clear, and has never been settled in this Commonwealth. Under these circumstances the statute has provided a clear, ample and expeditious remedy. By numerous decisions of this court, when the Legislature provides such a remedy, it has been held to be exclusive. Other relief will be refused where plain and adequate statutory redress is available. *Attorney General* v. *New York, New Haven, & Hartford Railroad*, 197 Mass. 194, and cases there cited.

*Judgment affirmed.*