S. J. DULIN v. C. G. BAILEY ET AL.

(Filed 29 November, 1916.)

**Wills—Spoliation—Personal Action—Probate—Caveat.**

> A personal action for damages will lie against wrong-doers in destroying a part of a will wherein certain legacies had been left to the plaintiffs, and which they are unable to establish as a will, the measure of damages being the value of such legacies; and the action being for spoliation and suppression, it is not necessary that the will should be proven in common form and attacked by a caveat to set it aside. The court, after stating precedents, also applied the maxim, there is "no wrong without a remedy."

APPEAL by plaintiff from *Ferguson, J.,* at May Term, 1916, of ROWAN.

*George W. Garland for plaintiff.*
*E. L. Gaither for defendants.*

CLARK, C. J. The complaint alleges that after the death of W. A. Bailey the defendants conspired to deprive the plaintiff and others of the benefits of his last will by removing from the paper-writing the sheet of paper to which the alleged signature of the deceased was attached and that part providing for the legacy to the plaintiff and others and substituting other provisions therefor. The plaintiff contends that thereby a previous will has been admitted to probate. In the course of the proceeding the plaintiff asked for the appointment of a commissioner to take the examination of the defendants in the nature of a bill of discovery. The defendants demurred that the complaint did not state a cause of action. The court sustained the demurrer and held that unless the will that had been proven in common form was attacked and set aside by caveat, the plaintiff could not maintain the cause of action set out in the complaint. This put an end to the plaintiff's further progress in the cause, and he took a nonsuit and appealed.

The plaintiff is not seeking to attack the will on record nor to probate what she alleges was a subsequent will. She is not seeking to recover anything out of the estate, but is bringing an action of tort against the parties who, as she alleges, conspired and injured her by removing the clause of, and the signature to, what was a subsequent will by which she would have received a legacy. It is an action of *spoliation* in which she alleges the defendants have prevented her receiving the sum of money which was due her if they had not fraudulently altered and defaced the subsequent will.

She alleges that she does not attempt to set up the second will because the evidence accessible to her would not prove its entire contents. She prefers, therefore, to bring this action against the defendants for their wrongdoing in fraudulently destroying the part of the will which was beneficial to herself.

Though this action seems to be of the first impression in this State, and is doubtless a very unusual one, there is foundation and reason for the action upon well settled principles of law, and we are not entirely without precedent. In *Tucker v. Phipps,* 3 Atkins, 359; *s. c.,* 1 Ves., 264, it was held that the spoliation being clearly proven, the plaintiff could maintain his action without setting up the will by a probate. It was held that "where a will is destroyed or concealed, while the general rule is to probate the alleged will by proof in the ecclesiastical court (which was there the court for probate of wills), yet the legatee might bring his action for the damage sustained by spoliation and suppression." In that case the spoliation was alleged to have been a destruction or concealment of the will by the executor. Such action against a stranger is even more appropriate than an independent action against the executor. *Tucker v. Phipps* is to be found in 26 English Reports (reprinted), 1008. Another case very much in point is *Barnesley v. Powell,* 1 Ves., 119, 27 English Reports (reprinted), 1034, in which *Tucker v. Phipps* is cited as authority, and the Court also refers with approval to "a late case where the defendant burned a will, in which was a legacy to the plaintiff, so that it could not be proven in the ecclesiastical court (which cannot prove a will on loose parts of the contents of it), yet on the evidence of such a will, and the defendants destroying it, the court decreed the legacy to the plaintiff, as the defendant by his own iniquity had prevented the plaintiff from coming at it."

There may be other precedents, but the instances must have been rare. Even if there had been no precedent, it would seem that upon the principle of justice that there is "no wrong without a remedy" the plaintiff is entitled to maintain this action if, as she alleges, the defendants conspired and destroyed the subsequent will in which the legacy was left her. If she cannot prove the destroyed will because unable to prove the entire contents thereof, *In re Hedgepeth,* 150 N. C., 245, surely she is entitled to recover of the defendants for the wrong they have done her by the conspiracy and destruction of the will, and the measure of her damages will be the legacy of which she has been deprived.

It may be very difficult for her to prove her allegations by legal evidence and satisfactory to a jury; but with that we have nothing to do.

39—172

The only question presented to us is the ruling of the court below that the complaint does not state a cause of action, and in this we think the court below was mistaken.

As the action is not to set up the will, nor against the estate, but against the defendants individually for their tort, the action could be brought in the county where the plaintiff resides.

Reversed.