CREEK *v.* LASKI.

1. EXECUTORS AND ADMINISTRATORS—WILLS—PENALTY FOR DELAY DOES NOT COVER SPOLIATION.

3 Comp. Laws 1915, §§ 13777, 13778, requiring executor named in will to present it to probate court within 30 days after death of testator or after executor learns that he has been named, under penalty of liability to persons interested in sum of $10 per month for period of default, creates duty of celerity in presenting will and provides penalty for delay but does not cover distinct wrong of spoliation or provide remedy for varied damages which may result therefrom.

2. ACTION—MALICIOUS DESTRUCTION OF WILL.

In absence of any other remedy, action on case may be maintained to recover damages for malicious destruction of will, where through destruction of best evidence and because of statutory requirement of two witnesses, defendant deprived plaintiff of all remedy in probate court.

3. JUDGMENT—RES ADJUDICATA.

Judgment is not *res adjudicata* unless identical matter in issue in subsequent proceeding was determined by former adjudication.

4. SAME—WHOLE ORDER OF PROBATE COURT MAY BE CONSULTED TO DETERMINE QUESTION OF RES ADJUDICATA.

On question of whether order of probate court is *res adjudicata* of question involved in action in circuit court, whole order of probate court may be consulted to determine what was actually passed upon.

5. WILLS—LOST WILL ALLOWABLE IN PART.

Lost will may be allowed in part if parts are separable.

6. JUDGMENT—RES ADJUDICATA—WILLS—DISALLOWANCE OF LEGACY IN PROBATE COURT NOT RES ADJUDICATA OF RIGHT TO RECOVER FOR MALICIOUS DESTRUCTION OF WILL.

Where existence of destroyed will and that it was properly executed and witnessed was established in probate court, but legacy claimed to have been made therein to plaintiff failed of

As to whether part of lost or destroyed will which can be established may be admitted to probate, see annotation in 26 L. R. A. (N. S.) 654.

As to liability for mutilation or spoliation of will, see annotation in L. R. A. 1917B, 558.

establishment because there was only one witness thereto and law requires two witnesses (3 Comp. Laws 1915, § 13788), order of probate court allowing will but disallowing legacy to plaintiff was not *res adjudicata* of plaintiff's right to recover in action on case. for damages against executor who wilfully destroyed will, since probate court did not decide that will allowed was whole will or that will as made did not contain legacy to plaintiff, and issue involved in instant case, as to whether will contained legacy to plaintiff, was not decided or necessarily included in judgment.

7. SAME—FORMER JUDGMENT NOT BAR WHERE CAUSE OF ACTION NOT SAME.

Judgment in former suit, although between same parties and relating to same subject-matter, is not bar to subsequent action, when cause of action is not same.

8. SAME—UNSUCCESSFUL ATTEMPT IN PROBATE COURT TO PROVE LEGACY NOT BAR TO ACTION FOR MALICIOUS. DESTRUCTION OF WILL—EVIDENCE—MINIMIZING DAMAGES.

Plaintiff's attempt in probate court to prove legacy to her in will wilfully destroyed does not bar her right to maintain action for ·damages therefor, where her damage arose out of being deprived of legacy because destruction of will rendered proof of legacy in probate court impossible, and best evidence thereof is unsuccessful attempt to establish legacy in probate court, and said attempt was also fulfilment of duty to minimize damages.

9. COURTS—WILLS—STATUTORY RULES TO ·ESTABLISH WILL IN PROBATE COURT NOT APPLICABLE IN OTHER COURTS.

3 Comp. Laws 1915, § 13788, requiring establishment of will by two witnesses, by its context, terms, and purposes, is confined to proceedings in probate court, and does not affect rules of evidence in other courts or actions.

10. WILLS—LEGATEES—RIGHT OF LEGATEE DEPRIVED OF LEGACY BY MALICIOUS DESTRUCTION OF WILL TO MAINTAIN ACTION ON ·CASE FOR DAMAGES.

Although legatee named in will could not have vested right in legacy until after will including legacy was probated, yet where legatee was deprived of legacy by malicious destruction of will, rendering proof of legacy in probate court impossible, person so injured has right of action on case for damages against person destroying will.

WIEST, McDONALD, and POTTER, JJ., dissenting.

Error to Jackson; Parkinson (James A.), J. Submitted June 20, 1929. (Docket No. 150, Calendar No. 34,272.) Decided December 3, 1929. Rehearing denied January 24, 1930.

Case by Irene Creek against Lucy K. Laski for malicious destruction of a will. From a judgment for plaintiff, defendant brings error. Affirmed.

*Whiting & Kleinstiver,* for plaintiff.

*Bisbee, McKone & Wilson,* for defendant.

FEAD, J. This is an action in tort to recover damages for malicious destruction of a will. Plaintiff had verdict and judgment.

The will, in which defendant was named executrix, admittedly was destroyed by her after the death of her husband, the testator, because of dissatisfaction with its terms. Some four years later she filed a petition in probate court to have the destroyed will allowed. In that proceeding the attorney who drafted the will testified that it contained a bequest of $2,000 to plaintiff. Plaintiff, upon learning of the bequest to her, became a party to the proceeding and was represented by counsel. Another witness, who had read the will, denied that it contained a legacy to plaintiff. A third witness was uncertain. The will was admitted to probate but without a legacy to plaintiff. In the order admitting the will, the court recited the substance of the testimony upon the claimed bequest to plaintiff and determined it could not be established as part of the will because there was only one witness in support of the gift; the law requiring two witnesses. 3 Comp. Laws 1915, § 13788; *Dingman* v. *Dingman,* 199 Mich. 384. Thereupon plaintiff began this action in trespass on the case to recover the amount of the claimed legacy on

account of malicious and fraudulent destruction of the will, which prevented her proving the gift to her and defeated her legacy.

Argument and citation of authority can add nothing to the obvious proposition that the unlawful and unjustifiable, and, therefore, malicious, destruction of a will, resulting in direct loss to a legatee, is a wrong for which there must be a remedy. The authorities in direct point are few, but they support the right to action, although the remedies approved are diverse.

In 1746, in *Tucker* v. *Phipps,* 3 Atk. 359 (26 Eng. Rep. Reprint, 1008), the high court of chancery of England, on the ground of malicious and fraudulent spoliation, sustained a bill to recover a legacy from a person who had destroyed a will, without requiring plaintiff first to prove the will before the ecclesiastical court, which had exclusive jurisdiction over wills of personal property. In *Mead* v. *Heirs of Langdon,* unreported, referred to in *Heirs of Adams* v. *Adams,* 22 Vt. 50, a court of equity decreed the payment of legacies in a will suppressed by those interested in the estate, although the will had never been proved in probate. In *Dulin* v. *Bailey,* 172 N. C. 608 (90 S. E. 689, L. R. A. 1917 B, 556), and *Taylor* v. *Bennett,* 1 Ohio Cir. Ct. Rep. 95, it was held that an action in tort would lie for malicious destruction of a will.

The only other case in point cited or found is *Thayer* v. *Kitchen,* 200 Mass. 382 (86 N. E. 952, 43 L. R. A. 746), which defendant urges as controlling. The court held that an action in tort would not lie because the probate court had exclusive jurisdiction over wills, because a statute substantially identical with our 3 Comp. Laws 1915, §§ 13777, 13778, provided a clear, ample, and expeditious remedy, and,

as the question of relief through an action at law had not been settled in that State and was of difficulty, the statutory remedy was exclusive. These statutes require a person named as executor in a will to present it to the probate court within 30 days after death of the testator or after the executor learns that he has been named, and, on failure without reasonable cause, provide liability to each person interested in the will in the sum of $10 per month for the period of default, to be recovered in an action on the case.

*Thayer* v. *Kitchen* could be distinguished on the ground that, as pointed out in the opinion, the will there could have been proved in probate court by any competent evidence, so the same testimony which would have sustained an action at law presumably would have been sufficient to prove the will. More of the wrong done by spoliation could be remedied in probate court there than in the instant case, where the gravamen of defendant's offense was that, through destruction of the best evidence, and because of the statutory requirement of two witnesses, she had deprived plaintiff of all remedy in probate court.

In this State the probate court is given no authority to invade the province of common-law courts to award damages for torts, whether in connection with wills or otherwise. Even the damages permitted under the statute relied on by defendant must be recovered in an action on the case.

Defendant's contention would enable an executor to destroy a will, then petition for its probate as a lost will within the 30-day period, escape all penalties, and leave the wronged legatees remediless. Definite language evidencing clear intent would be necessary to work so intolerable a result. The stat-

ute seems too plain to require construction. It created the duty of celerity in presenting a will and provides a stated penalty for delay. It does not cover the distinct wrong of spoliation or provide a remedy for the varied damages which may result therefrom.

Action on the case

—"is an outgrowth of the principle that, whenever the law gives a right or prohibits an injury, it will also afford a remedy. Hence, where there has been an injury for which none of the established forms of action will lie, an action on the case may be maintained, it being no objection that there is no precedent for the particular action, since the action is suited to every wrong and grievance that a person may suffer, and varies according to the circumstances of the case." 11 C. J. p. 4.

The suit was properly laid.

Defendant further contends that the decision of the probate court was *res adjudicata* of the claim of plaintiff to a legacy. A judgment is not *res adjudicata* unless the identical matter in issue in the subsequent proceeding was determined by the former adjudication. *Murphy Chair Co.* v. *American Radiator Co.,* 172 Mich. 14. The whole order of the probate court may be consulted to determine what was actually passed upon. *Black* v. *Miller,* 75 Mich. 323; *Bond* v. *Markstrum,* 102 Mich. 11. A lost will may be allowed in part if the parts are separable, as was plaintiff's legacy. *In re Estate of Patterson,* 155 Cal. 626 (102 Pac. 941, 26 L. R. A. [N. S.] 654, 18 Ann. Cas. 625, 132 Am. St. Rep. 116); *Heath* v. *Withington,* 60 Mass. 497; Thornton on Lost Wills, p. 153; 40 Cyc. p. 1237. The probate court did not determine that the will allowed was the whole will nor that the true will did not contain a legacy to

plaintiff. It merely decided that the preliminary proof required by statute, in order to enable the court to pass upon the legacy, had not been furnished. The issue here, whether as a matter of fact the will contained a legacy to plaintiff, never reached the stage of decision in probate court, nor was its determination necessarily included in the judgment.

It is also the rule that

—"the same transaction or state of facts may give rise to distinct or successive causes of action, and a judgment upon one will not bar a suit upon another. Therefore a judgment in a former suit, although between the same parties and relating to the same subject-matter, is not a bar to a subsequent action, when the cause of action is not the same." 34 C. J. p. 813.

See, also, *Aldine Manfg. Co.* v. *Barnard,* 84 Mich. 632.

As illustrating this rule, it has been held that judgment for defendant in a suit on a promissory note is not a bar to an action for fraud and deceit practiced on plaintiff by defendant to induce the purchase of the note. *Black* v. *Miller, supra.* A judgment at law on a note is not a bar to a suit to set aside a mortgage, given as security for the note, on the ground that the note had in fact been paid. *Rickle* v. *Dow,* 39 Mich. 91.

The probate proceedings did not involve defendant's personal liability for tort. The tort action did not set up the will as against the probate judgment, alter its operation as a conveyance, or affect the distribution of the estate or defendant's rights as heir or legatee. They are separate causes of action.

It should be kept in mind that the damage to plaintiff from defendant's tort arose out of her being deprived of the legacy because the destruction of the

will rendered proof of the legacy impossible. If she still could have proved it in probate court, she would have received no injury from the tort in respect of the amount of the legacy. The best evidence of her inability to prove the legacy would come from *bona fide* but unsuccessful attempt to establish it in probate court. The attempt would also be a fulfilment of her duty to minimize damages from the tort. It was for defendant's benefit. Plaintiff should not be penalized for performing her duty and seeking the best evidence of her damage. There is neither legal nor equitable reason for transforming the judgment that plaintiff did not make the statutory proof into a judgment that the will did not contain a legacy to her. Without such transformation it cannot be held that the former judgment is a bar to the present case under any theory of *res adjudicata*.

We have discovered only one case which is somewhat similar, although *Willard* v. *Shekell,* 236 Mich. 197, is of interest. In *Harris* v. *Harris,* 26 N. Y. 433, plaintiffs and defendants were heirs at law of John Harris. Plaintiffs brought partition proceedings for the division of the real estate. Defendants claimed the entire ownership of the land under a lost will of their father. Plaintiffs replied that defendants had brought an action in the supreme court to have the lost will proved, had been defeated after trial, and the judgment was conclusive on them. The ground of their defeat was that they could not produce two witnesses who could testify to the provisions of the will as required by statute. The court held with defendants, both because the probate of a will of real estate establishes ownership only *prima facie* and failure to probate is, therefore, not conclusive, and also because the first judgment was not *res adjudicata* of the will as probate had failed on account of statutory proof.

The probate judgment did not bar this suit.

Defendant further urges that plaintiff must prove the legacy in this suit by two witnesses, and, having failed to do so, cannot recover.   The statute, 3 Comp. Laws 1915, § 13788, reads:

"No such alleged will shall be admitted to probate unless and until its due execution and the contents thereof shall be established by at least two reputable witnesses."

By its context, terms, and purpose, the statute is confined to proceedings to probate a will, and does not affect the rules of evidence in other courts or actions. *Harris* v. *Harris, supra.*

Defendant's contention that plaintiff cannot recover because the legacy could not become a vested right until after the will including such legacy was probated is fully answered in *Mitchell* v. *Langley,* 143 Ga. 827 (85 S. E. 1050, Ann. Cas. 1917 A, 469), if, indeed, answer is necessary.

We have examined the other assignments and find no error therein.

Judgment is affirmed, with costs.

NORTH, C. J., and CLARK and SHARPE, JJ., concurred with FEAD, J.


WIEST, J. (*dissenting*).   The judgment in this case should be reversed without a new trial.

Defendant destroyed the last will and testament of her deceased husband and then petitioned the probate court to restore the same and admit it to probate.   The petition set up an alleged will in which plaintiff herein was not a beneficiary.   Plaintiff claimed to be a beneficiary in the destroyed will, intervened, and presented such an issue in the probate court, but her proofs upon such issue fell short

of the statutory requirement. The proofs of defendant met the statutory requirement, and the will was restored and admitted to probate and its specific terms adjudicated, and plaintiff was not constituted a beneficiary. Thereupon plaintiff brought this suit to recover from defendant damages to the amount of the legacy she claimed was given her in the destroyed will.

The probate court had jurisdiction to restore and admit the destroyed will to probate upon proof, by two witnesses, of its existence and its contents. 3 Comp. Laws 1915, § 13788. Plaintiff was unable, in the probate court, to show by two witnesses that she was a beneficiary. The will has been allowed and the terms thereof fixed by the probate court under proof complying with the statute. Notwithstanding such adjudication, to which plaintiff was a party and had her day in court, she contends that she may maintain the suit at bar and have recovery upon less proof than that required in the probate court. Defendant is not liable to plaintiff unless plaintiff was a beneficiary in the will. Plaintiff is not a beneficiary in the will admitted to probate, and the question is whether plaintiff may maintain an action for damages and recover for loss of a legacy in a will adjudged to grant her no legacy. A recovery by plaintiff in this case will present the anomaly of damages against defendant for destroying a will leaving her a legacy and the admission of the will to probate without constituting her a legatee.

Inability to establish all of alleged bequests in a lost or destroyed will, by evidence meeting statutory requirement, does not prevent probate of the will as proved. This does not mean, however, that one unable to furnish the evidence required by statute to establish an alleged bequest in a lost or destroyed

will may bring an action at law and recover damages for loss of such claimed bequest.

In *Harris* v. *Harris*, 26 N. Y. 433, cited by my Brother, an alleged lost will, devising real estate, was refused probate for want of evidence, and one claiming thereunder as a devisee filed suit for partition and was held not estopped by the probate proceedings, the court saying:

"Nor can it be claimed that the probate of a will, not lost or destroyed, in a surrogate's court, or one lost or destroyed in the supreme court, under the provisions of the revised statutes, is, in either case, conclusive as to real estate. *It is conclusive as to personal,* but *prima facie* only as to real estate, and a failure to have a will probated, either in the surrogate's court or supreme court does not prevent those claiming under it from setting up and establishing their title by common-law evidence, in an action in any court, either of law or equity, where the title to the real estate thereby devised may be involved, or come in question." (Italics mine.)

Manifestly, that decision does not support my Brother's opinion, for the court expressly pointed out that the rule mentioned applies only to a devise of real estate and a contrary rule is conclusive as to personal, and in the case at bar the claim is that the will bequeathed $2,000 to plaintiff.

An examination of the cases cited by my Brother discloses want of applicability to the issue at bar. We quote the following from the syllabus in *Heirs of Adams* v. *Adams*, 22 Vt. 50:

"Where a will was suppressed by those interested in the estate, and administration was taken without regard to it, and the will was never proved in the probate court, the court of chancery decreed the payment of the legacies given by it. *Mead* v. *Heirs of*

*Langdon,* Washington Co., 1834, cited by Redfield, J."

In *Tucker* v. *Phipps,* 3 Atk. 359 (26 Eng. Rep. Reprint, 1008), the plaintiff claimed a legacy under a destroyed will and filed a bill to obtain an adjudication. There had been no action in the ecclesiastical court, and therefore, jurisdiction was sustained.

In *Dulin* v. *Bailey,* 172 N. C. 608 (90 S. E. 689, L. R. A. 1917 B, 556), the action was quite like that at bar, with the exception that there was no participation in the probate proceeding to establish the will. This exception is vital. The probate court had exclusive jurisdiction to restore the destroyed will. The jurisdiction of the probate court was exercised. Plaintiff intervened and an adjudication adverse to her followed. No appeal was taken, probably because the adjudication was in accord with the statutory rule of evidence, and, therefore, unassailable. It begs the question to say that this action is not one to set up a will, for, in the absence of a will with a provision constituting plaintiff a beneficiary, she has no action in tort against the defendant.

In *Thayer* v. *Kitchen,* 200 Mass. 382 (86 N. E. 952, 43 L. R. A. 746), an action like the one at bar was brought and held not maintainable because the probate court had jurisdiction and the statute provided a clear, ample, and expeditious remedy in such court, and such remedy was exclusive.

The judgment should be reversed without a new trial, and with costs to defendant.

McDonald and Potter, JJ., concurred with Wiest, J. The late Justice Fellows took no part in this decision.