### Taylor et al. v. Lyon.

(Decided May 26, 1933.)

ABEL HARDING for appellants.
B. A. RICE for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

J. L. Taylor died testate and a resident of Taylor county in January, 1928. He executed his will on April 9, 1927, the third clause of which reads: "I will to my children J. L. Taylor Jr. and F. S. Taylor my house and lot that is situated on Maple Avenue in the City of Campbellsville, Kentucky. And I hereby clothe my wife, Bettie Taylor, with full power and authority to sell said house and lot for the said two children at any time she shall see fit to do so, and to make good and fee simple deed to the purchaser of same, and she is also empowered, authorized and directed to invest the proceeds of said house and lot in good and interest bearing bonds, she not being required to execute any bond for same, and which bond is hereby waived."

About the 1st of December following, testator's wife gave birth to a baby girl which they named Marguerette Taylor, who, of course, was not provided for in any clause of his will. Accordingly, on December 14 following the birth of that child he procured his wife to write out a statement or direction wherein he said: "I have my will just like I wish to have it now, and since my last will we have had born in my family a girl baby. Now I wish my will to stand just like it is with the exception of one thing that is where Flaree and James my two boys have the property on Maple Street I want this girl to come in a share of it but all other parts of will stay as they are or like my beloved wife Bettie Taylor sees best to manage them. I will sign this also"—and which was signed by both himself and his wife.

After his death, the original will, with the later executed writing, were probated in the county court of

Taylor county as constituting in their entirety the last will and testament of the decedent, and his widow qualified as executrix thereof. Later she sold the house and lot on Maple avenue in the city of Campbellsville, with which clause 3 of the will exclusively dealt. In that clause, as will be noted, testator's widow was given express power and authority to sell and convey the real estate therein referred to. She later did so, and with a second husband, whom she had married in the meantime, she executed a deed therefor to appellee and plaintiff below, Ivy Lyon, the consideration being $2,500, which has been paid.

This action was filed in the Taylor circuit court by plaintiff, the purchaser of the property, against the children and the widow of the decedent, individually and in her representative capacity, and in her petition she alleged that because of the provisions of our statute (Ky. Stats. secs. 4847, 4848), relating to pretermitted children, and because of alleged defectiveness in the execution of the paper above referred to and designated in this record as a codicil, there was a cloud resting upon the title of plaintiff, and she prayed judgment of the court as to such matters and as to the rights of the parties. The court, after the case had been practiced as required by law, upon submission determined that plaintiff's deed was valid and conveyed to her a perfect title to the property she purchased, and the guardian ad litem for the pretermitted child has appealed from that judgment.

There is no serious argument against the correctness of the judgment, nor indeed could there be. In rendering his judgment the learned trial judge made no reference to the validity or invalidity of the alleged codicil to testator's will, and which we think was proper. We, however, conclude that he was correct in the judgment he rendered, for two reasons: First, clause 3 of the will conferred absolute power on testator's widow to sell and convey a perfect title to the property involved, regardless of who would be entitled to share in the income or its proceeds. So that, whatever might be the rights of the pretermitted child, if the alleged codicil should ever be declared invalid, in the proceeds of the conveyed property (or in any other property of the testator) it would not and could not affect the power and authority of his widow to sell and convey the prop-

erty mentioned in the third clause of his will. A second reason why the judgment is correct is, that this action is a collateral attack on the judgment of the county court probating the will with the alleged codicil as the final complete and authoritative testamentary disposition of testator's property. County courts have, not only original, but also exclusive, jurisdiction over such matters, and until their judgments are reversed or set aside in some appropriate procedure they are conclusive and must be enforced.

The judgment of probate in this case has never been set aside or modified in any manner, and it is not subject to collateral attack. As long as it stands in that condition it has the same effect as if the alleged codicil had been expressly incorporated in the original will, and if that had been done the later born infant would not be entitled to the benefits of our statute relating to pretermitted children. Such conclusions render it unnecessary for us to express an opinion upon the validity or effect, if any, of the alleged codicil, since that question will have to be determined in an altogether different procedure.

Wherefore the judgment is affirmed.