## Allen et al. v. Lovell's Adm'x et al.

November 8, 1946.

J. Lee Moore, A. B. Crow, Finn & Orendorf and L. B. Finn for appellants.

Rodes K. Myers, John B. Rodes, and Leland Logan for appellees.

OPINION OF THE COURT BY JUDGE DAWSON—Affirming.

This is essentially an action in tort to recover damages for the destruction of a will. It presents an unusual and interesting question which we believe to be one of first impression in this jurisdiction. The lower court sustained a demurrer to the petition.

Stripped of the surplusage the petition alleges that the plaintiff's grandmother owned a farm in Simpson

County consisting of 637½ acres; that prior to her death in October 1939, her grandmother had executed a holographic will by which she devised this farm to her two children, John Lovell and Mary Lucas (mother of the plaintiff) for their lives and at their death to plaintiff in fee; that the defendants (plaintiff's uncle and his wife) destroyed the will shortly before her grandmother died and while she was non-compos mentis; and that "if said will had not been unlawfully and willfully destroyed by said defendants, it would have been duly probated and become the last will and testament of the said Mattie McClanahan Lovell; and said will having been unlawfully and willfully destroyed, the said plaintiff, Martha Lucas Allen, has been deprived of her right of property in said 637½ acre tract of land, and has been damaged by said defendants the value of her remainder interest in said tract of land of 637½ acres, which is $30,000."

There is no allegation that this will was ever offered for probate in the county court, nor is there an allegation that this will can not be probated.

The defendant, John Lovell, uncle of the plaintiff, died shortly after the action was instituted and the cause was revived in the name of his wife, Eleanora Lovell, administratrix with the will annexed.

At the outset it is important that we determine whether or not a will which has been lost or destroyed may be probated in this state. It is now settled in this jurisdiction that a writing which has been duly executed as a will, and never revoked, becomes effectual as such on the death of the testator, and may be probated even though it has been lost or destroyed. Steele v. Price, 5 B. Mon. 58.

In order to establish such a will it is essential to prove the due execution, contents, and continued existence of the will unrevoked by the testator. Chisholm's Heirs v. Ben, 7 B. Mon. 408; Baltzell v. Ates, 181 Ky. 413, 205 S. W. 548; Wood v. Wood, 241 Ky. 506, 44 S. W. 2d 539. And each of these elements must be proven by clear and convincing evidence. Bradshaw v. Butler, 125 Ky. 162, 100 S. W. 837, 30 Ky. Law Rep. 1249; Ferguson v. Billups, 244 Ky. 85, 50 S. W. 2d 35. The declarations of the deceased whether before or after the testamentary act, are competent in corroboration of other evidence of

the main facts, but insufficient in and of themselves to prove either of the essential ingredients. Mercer's Adm'r v. Mackin, 14 Bush 434; Atherton v. Gaslin, 194 Ky. 460, 239 S. W. 771; Wood v. Wood, supra, and Ferguson v. Billups, supra. This in effect means that the contents of a missing will must be established by a witness who saw or read the will and who can give the substance of its provisions. Wood v. Wood, supra.

The petition under consideration here alleges that plaintiff's grandmother frequently stated, in the presence of members of her family and intimate friends, that the will described had been written by her in her own handwriting. There is no allegation in the petition that any person had either seen or read the will. Neither is there an allegation that the testatrix's statements would be the only evidence which could be introduced in support of a motion to probate the destroyed will, and thus create an inference that for this reason the missing will can not be probated.

The time in which a will may be offered for probate is controlled by Section 413.160, KRS. Allen v. Froman, 96 Ky. 313, 28 S. W. 497; Mullins v. Fidelity & Deposit Company of Baltimore, Maryland, Ky., 100 S. W. 256; Foster v. Jordan, 130 Ky. 445, 113 S. W. 490, and others. Since testatrix died in October 1939, the ten year period of limitation for the probate of her will has not expired.

With the foregoing as a basis we proceed to a consideration of the question involved, which is—may an action in tort be maintained for the destruction or suppression of a will?

There are few authorities which bear directly on this question. Most of them have been collected in an annotation to the opinion of Creek v. Laski, 248 Mich. 425, 227 N. W. 817, 65 A. L. R. 1113, at page 1119.

A splendid discussion of the question may be found in an article by Alvin E. Evans, Dean of the Law School, University of Kentucky, published in the University of Pennsylvania Law Review, Vol. 93, page 187 (196).

Creek v. Laski, supra, is urged as controlling. This was an action in tort to recover damages for malicious destruction of a will. By a divided court the action was

242

allowed. There the plaintiff was unable to establish a legacy because of her inability to produce two witnesses in support of the gift, which the Michigan law required, and it is made clear from the majority opinion that the action in tort was the only available remedy. In distinguishing Thayer v. Kitchen, 200 Mass. 382, 86 N. E. 952, it is pointed out that in the Thayer case it was held that an action in tort would not lie because the probate court had exclusive jurisdiction over wills, and the statutes provided a clear remedy. Creek v. Laski, supra, is acceptable authority for the proposition that the unlawful and malicious destruction of a will, resulting in loss to a legatee, is a wrong for which there must be a remedy, but we do not think that it extends beyond this long accepted proposition of law. This principle was recognized by the English cases of Tucker v. Phipps, 3 Atk. 360, 26 Eng. Reprint, 1008; Barnesly v. Powel, 1. Ves. Sr. 284, 27 Eng. Reprint 1034; Hampden v. Hampden, 3 Bro. P. C. 550, 1 Eng. Reprint 1492; Williams v. Williams, 33 Beav. 306, 55 Eng. Reprint 385. However, these cases deal with the question of whether a Court of Equity may compel the performance of the provisions of a will against one who has destroyed it, as distinguished from the question of whether such person may be held liable for damages in an action at law. Ann. 65 A. L. R. at 1120.

In Dulin v. Bailey, 172 N. C. 608, 90 S. E. 689, 690, L. R. A. 1917B, 556, it was held that an action in tort would lie for malicious destruction of a will, but the opinion shows that the plaintiffs were not able to probate the destroyed will, and is based upon the principle of justice that there is "no wrong without a remedy."

In Thayer v. Kitchen, supra, we have a case which is very similar to the one under consideration. That was an action in tort for the wrongful destruction of a will. A demurrer was sustained to the complaint and the judgment affirmed on appeal. It is obvious from an examination of that opinion that it is based entirely on the ground that the plaintiffs had a complete and adequate remedy in the probate court where the will could have been proved as a lost will. In considering this case Dean Evans says it "is not authority for the proposition that a tort action would not lie if the time for pro-

bate had elapsed.'' 93 University of Pennsylvania Law Review, 196.

After a careful consideration of these cases and others which do not directly touch on the exact question involved here, we are impelled to the conclusion that the better rule, and the one supported by weight of authority, is that if a destroyed will can be probated, it should be, but if not, a tort action may be maintained. This rule gives effect to practically all of the authorities cited, and it will be seen that most of them can be reconciled. It is possible that proof which would be inadequate to probate a lost or destroyed will in the county court might be sufficient to support a verdict and judgment in a tort action, Anderson v. Irwin, 101 Ill. 411; Dean Evans' treatise, supra, but since that question is not presented here it is not necessary to pass upon it. This recognizes and gives full weight to the general principle of law that whenever the law prohibits an injury it will also afford a remedy.

In this state the county court of the Testator's residence is given the original and exclusive jurisdiction to probate wills, by reason of KRS 394.140. See Taylor v. Lyon, 249 Ky. 398, 60 S. W. 2d 964.

As pointed out herein, the petition discloses no effort to probate the will. There is an allegation that the will would have been probated had it not been for its destruction. This, however, is a mere conclusion of the pleader. Except for this allegation there is not even an intimation that the will can not be probated. From the authorities cited herein it is apparent that the destruction of the will in and of itself does not preclude its probate. Therefore, it is clear that the petition does not allege facts sufficient to bring it within the rule set forth, and it follows that the action of the trial court in sustaining a demurrer to it was proper.

It is also urged that since KRS 434.280 penalizes any person who destroys a will, and 446.070 permits a person injured by the violation of a statute to recover damages by reason of the violation, the action is maintainable for that reason. It is sufficient to point out that the conclusion reached herein does no violation to the usual construction of these statutes. On the contrary, we recognize that a right of action does exist for the

wrongful destruction of a will, but hold that the statutory remedy must be resorted to in the probate court, or a showing made that such remedy is inadequate and will not afford relief.

Judgment affirmed.