**McGREGOR et al. v. McGREGOR.**

Civ. No. 3584.

United States District Court,
D. Colorado.

Dec. 27, 1951.

W. J. Rutledge, Jr. and Bradford & Mc-Daniel, all of Durango, Colo., for plaintiffs.

Grant E. McGee and Karl C. Brauns, Denver, Colo., for defendant.

KNOUS, District Judge.

This action is brought by two alleged legatees under what they claim was the last will and testament of Colin H. McGregor. The proceeding was instituted originally in a Colorado state court and was removed to this court by reason of diversity of citizenship between the parties. The matter stands on the motion of the defendant to dismiss for the failure of the complaint to state a claim upon which relief can be granted.

Insofar as is essential to the determination of such motion the complaint alleges as follows: That Colin H. McGregor died on or about the 24th day of November, 1949, at Lake Charles, Louisiana; that his last will and testament contained substantial bequests in favor of each of the plaintiffs; that notwithstanding, the defendant, who is the widow of the testator, wrongfully and wilfully presented another earlier will of the decedent for probate in a Louisiana state court; that such will made no provision for the plaintiffs but left the decedent's entire estate to the defendant; that such earlier will was admitted to probate, and McGregor's estate was administered, distributed and duly closed on or about January 7, 1950, in accordance with its provisions. It is further alleged that at various times, the dates of which cannot be determined from the complaint, the defendant had promised to protect the interests of the plaintiffs and the latter did not know that they were being deprived of their respective legacies until on or about February 20, 1951.

As drafted, the complaint purports to plead three causes of action. However, as analyzed by the Court it would seem that in substance but one cause of action is alleged upon which three distinct types of relief are sought. The first of these is for damages in tort for wrongfully depriving the plaintiffs of their just legacies; the second is equitable and prays for an order that the defendant be required to probate the true and last will of McGregor, and the third seeks to have certain real property in LaPlata County, Colorado, allegedly owned by the defendant, conveyed to the plaintiffs and applied in lieu of the bequests and in satisfaction of any damages.

There is little, if any, dispute among the authorities that a person who

has wrongfully deprived another of his just bequest under a will has perpetrated an actionable tort. Morton v. Petitt, 124 Ohio St. 241, 177 N.E. 591; Dulin v. Bailey, 172 N.C. 608, 90 S.E. 689, L.R.A.1917B, 556; Creek v. Laski, 248 Mich. 425, 227 N.W. 817, 65 A.L.R. 1113; Allen v. Lovell's Adm'x, 303 Ky. 238, 197 S.W.2d 424. However, the courts have ruled with almost equal unanimity that before the deprived legatee can seek relief in a tribunal other than the proper probate court, an attempt first must have been made to probate the will which is alleged to give rise to the claim, or that, in the alternative, it must be alleged and shown that such probate is impossible under the circumstances of the particular case. Allen v. Lovell's Adm'x, supra; Thayer v. Kitchen, 200 Mass. 382, 86 N.E. 952; Riggs v. Rankins' Ex'r, 268 Ky. 390, 105 S.W.2d 167; Sprowl v. Lockett, 109 La. 894, 33 So. 911; Axe v. Wilson, 150 Kan. 794, 96 P.2d 880; Case of Broderick's Will, 21 Wall. 503, 88 U.S. 503, 22 L.Ed. 599; Gaines et ux. v. Chew, 2 How. 619, 646, 43 U.S. 619, 646, 11 L.Ed. 402, jurisdiction retained on other grounds; McDaniel v. Pattison, 98 Cal. 86, 27 P. 651, 32 P. 805; Creek v. Laski, 248 Mich. 425, 227 N.W. 817, 65 A.L.R. 1113; 45 Mich.Law Rev. 923.

■ There is no allegation in the complaint herein that any attempt has ever been made anywhere to probate the instrument the plaintiffs claim to be the true last will of Colin H. McGregor; nor does it contain any statement which even implies that probate in the proper jurisdiction is impossible or even impracticable. Hence, under the authorities last hereinabove cited, wherein such allegations are held to be prerequisites to the maintenance of an action of this character, the Court is clearly precluded from entertaining the asserted claim for damages for tort at this time.

■■ By their second alternate prayer for relief the plaintiffs seek to invoke the equitable powers of this Court to force the defendant to present the will under which plaintiffs claim for probate in Louisiana. In other words, an order is sought herein requiring the defendant to institute a legal proceeding and thus perform an affirmative act outside the jurisdiction of the court from which the order would stem. Although a court of equity may possess the inherent power to make such an order, it will not generally do so unless a gross miscarriage of justice would be the inevitable result. Gunter v. Arlington Mills, 271 Mass. 314, 171 N.E. 486, 71 A.L.R. 1348 and cases there cited. This is not the case here; for if the defendant fails to probate what is asserted to be the true last will of McGregor, the plaintiffs may do so. As is stated in 57 Am.Jur. § 793, p. 538:

"The duty which may be charged by statute upon the executor named in a will to produce it and take steps to have its validity determined by the probate court is not exclusive of a right in others to seek the probate of a will.

"Wills may be presented for admission to probate by an executor, legatee, devisee, creditor or other person interested in the estate * * *."

Thus, the relief sought by the second alternative prayer of the complaint is not now available to the plaintiff.

As the primary basis the third alternative relief sought the plaintiff relies upon the allegations of their first cause of action. Its insufficiency as hereinabove determined precludes the granting of this alternative relief thereon. In addition, the complaint fails to reveal that the decedent, Colin H. McGregor, had at any time any connection whatsoever with the Colorado real estate described therein. In view of this, the relief requested could not be construed as a prayer that a constructive trust or equitable charge be imposed on the res.

■ After instituting this suit, plaintiffs, assuming to act under Rule 105(f), Colorado Rules of Civil Procedure, filed a notice of Lis Pendens against the realty they sought to have conveyed to them by virtue of their third alternative prayer for relief. The defendant has interposed a motion to quash such Lis Pendens notice. However, the Colorado law, which must govern the determination of this motion to quash, [See: Frederick v. Baxter Arms Corporation, D. C., 39 F.Supp. 609], makes no provision for the cancellation of a notice of Lis Pendens by any court at any time. Instead, it

provides that the notice shall expire automatically thirty days after the entry of final judgment in the trial court. Rule 105 (f), supra.

It Is, Therefore, Ordered, Adjudged and Decreed that the motion of the plaintiffs to dismiss the complaint for failure to state a claim upon which relief can be granted be and the same hereby is sustained; and that the motion of the plaintiffs to quash the Lis Pendens be and the same hereby is denied.