Lynn Heathman SCOTT et al., Appellants,

v.

Betty SCOTT, Appellee.

Court of Appeals of Kentucky.

June 15, 1956.

E. N. Venters, Pikeville, for appellants.

J. Peyton Hobson, Jr., Pikeville, for appellee.

MONTGOMERY, Judge.

The infant children of the testator appeal from a declaratory judgment decreeing that his widow is authorized under the will to sell certain real property belonging to his estate.

Henry J. Scott died April 11, 1956. He left surviving his widow, appellee, and five infant children, appellants. The first child was born on July 1, 1941. Four other children were born after the execution of a will dated May 10, 1941.

The pertinent part of the will is:

"I give, devise and bequeath my property of every kind and description to my wife, Betty Scott, and said property by her to be held in trust for her benefit and the benefit of our unborn child. . My said wife to · hold said property and to mortgage, sell, convey, lease same and do all things with same as I could do with same, if I were alive." · :

The testator resided on a valuable tract of land containing ten or twelve acres lo-cated near Pikeville, Kentucky. He also owned a one-third undivided interest in about 700 acres of coal and gas land on Scott's Branch of John's Creek. This real estate is encumbered by a mortgage in the sum of $35,375. The proof shows that it is necessary to sell a part of the land in order to pay the indebtedness against the estate, and a more advantageous sale can be obtained privately than by public or judicial sale.

The question is whether the appellee can sell the property which was devised by the will of the testator and convey a good title thereto, free of any possible claims of the children of the testator born after the execution of the will.

The ·Chancellor held that the trust and powers of the widow, appellee, under the terms of the will, were unencumbered by the birth of the children and the widow was entitled to sell any or all of the real estate of the testator and pass good title to the purchaser, who would not be required to see to the application of the proceeds. The rights of the children among themselves and the rights of the four younger children in the estate of the testator were not determined, although it was adjudged that their interests were subject to the trust and powers provided in the will.

The rights of the first child, born 51 days after the will was executed, were recognized by the will. K.R.S. 394.380(1). Knut v. Knut, Ky., 58 S.W. 583. Such rights were expressly subjected to the widow's right to sell.

The rights of the other four children, under KRS 394.380(2), do not entitle them to interfere with or abridge the power and authority of the widow "to * * * do all things with same as I could do with same, if I were alive."

In Taylor v. Lyon, 249· Ky. 398, 60 S.W. 2d 964, 965, a similar will provision was construed to mean:

"* * * the will conferred absolute power on testator's widow to sell and convey a perfect title to the property involved, regardless of who would be

entitled to share in the income or its proceeds. So that, whatever might be the rights of the pretermitted child, * * * in the proceeds of the conveyed property (or in any other property of the testator) it would not and could not affect the power and authority of his widow to sell and convey the property mentioned in the * * * will. * * *"

The plain language of the will in question places the widow in the same position and clothes her with the same power as the testator would have if living, so far as the power to sell and convey his real estate is concerned. The Chancellor was correct in his findings and conclusions.

Judgment is affirmed.