SNOW VALLEY, INCORPORATED, *v.* WELLS

Mortgages — Chattel Mortgage — Foreclosure — After-Acquired Property — Res Judicata.

Plaintiff's claim that defendant's sale of plaintiff's property pursuant to foreclosure of a chattel mortgage which did not contain an after-acquired property clause was a wrongful conversion of plaintiff's property is barred by *res judicata* where plaintiff offered no objection at the time the sale was ordered and the record reveals that the parties understood that the mortgage covered all of plaintiff's property.

Appeal from Mecosta, Dennis J. O'Keefe, J., presiding. Submitted Division 3 March 10, 1969, at Grand Rapids. (Docket No. 5,511.) Decided May 28, 1969.

Complaint by Snow Valley, Incorporated, against Gilbert R. Wells and Bertha Wells for conversion of certain personal property claimed to be owned by plaintiff. Verdict and judgment for defendants. Plaintiff appeals. Affirmed.

References for Points in Headnote

15 Am Jur 2d, Chattel Mortgages § 67 *et seq.*; 30A Am Jur, Judgments § 382 *et seq.*

*Robert A. Lesnick,* for plaintiff.

*Dreyer & Porter,* for defendants.

BEFORE: McGREGOR, P. J., and R. B. BURNS and DANHOF, JJ.

McGREGOR, P. J.    Herein lies a problem of foreclosure and its *res judicata* effect.    In 1966, after default and foreclosure of a chattel mortgage covering plaintiff's property, a circuit court commissioner sold plaintiff's personal property to defendants.    Although the mortgage agreement, entered into in 1961, did not contain an after-acquired property clause, it did contain a schedule listing property subject to the mortgage.    The foreclosure papers contained reference to the mortgage schedule, and there were some differences in plaintiff's personal property as listed in the schedule and the actual property sold.    However, plaintiff made no objection at the sale.    A year after the sale, plaintiff sued defendants for conversion of purchased property not listed in the mortgage schedule.    Defendants moved for a dismissal on the ground of *res judicata.*    The lower court granted the dismissal, and plaintiff appeals.

The dispositive question is whether the doctrine of *res judicata* precludes plaintiff from alleging defendants' conversion of property sold but not listed in the 1961 schedule because plaintiff did not raise an objection at the commissioner's sale.

Plaintiff contends the ownership of the after-acquired property was not adjudicated by the foreclosure and sale, and since there was no decision on the merits, *res judicata* is inapplicable.    It argues that the ownership of the unlisted property was not a material issue in the foreclosure suit, and thus its

conversion action is not foreclosed by *res judicata*. *Clements* v. *Constantine* (1955), 344 Mich 446. Furthermore, plaintiff avers conversion is a distinct cause of action, not barred by the foreclosure judgment. *Creek* v. *Laski* (1929), 248 Mich 425, 431 (65 ALR 1113).

Defendants respond by stating that those involved understood and the notice of sale indicated that the sale was to convey plaintiff's personal property possessed in 1966, rather than the specific items in the 1961 mortgage schedule. Moreover, defendants continue, if plaintiff wished to offer a different interpretation of what items were to be sold, it had adequate opportunity to raise an objection at the sale. Defendants assert that the conversion action, essentially a different interpretation of the sale, is therefore barred by res judicata. Defendants close with the proposition that available issues not raised at the opportune hearing cannot be raised thereafter, referring to the following language:

"(2) Whether it is necessary in this State that the point in controversy shall have actually been litigated in the prior suit or if it is sufficient that the party had an opportunity to present the claim or defense? This question was answered in *Harrington* v. *Huff & Mitchell Co.*, 155 Mich 139, by quoting from *Henderson* v. *Henderson*, 3 Hare 100 (67 Eng Rep 313), where the vice-chancellor said:

" 'In trying this question, I believe I state the rule of the court correctly, when I say, that where a given matter becomes the subject of litigation in, and of adjudication by, a court of competent jurisdiction, the court requires the parties to bring forward their whole case, and will not (except under special circumstances) permit the same parties to open the same subject of litigation in respect of matter which might have been brought forward as part of the subject in contest, but which was not

brought forward, only because they have, from negligence, inadvertence, or even accident, omitted part of their case. The plea of *res judicata* applies, except in special cases, not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties exercising reasonable diligence, might have brought forward at the time.' " *McDannel* v. *Black* (1935), 270 Mich 305, 311.

A review of the record verifies that the parties understood the foreclosure sale conveyed all personal property owned by plaintiff on the sale date. Plaintiff had opportunity at the sale to offer a different interpretation of the property being sold. The failure to raise any objection to the items sold precludes a later objection, for example, by a conversion action. The lower court correctly dismissed plaintiff's conversion action; it was barred by *res judicata.*

Affirmed. Costs to defendants.

All concurred.