[See Case No. 12,173.]

RUTHERFORD (UNITED STATES v.). See Case No. 16,210.

Ex parte RUTHERGLEN. See Case No. 9,674.

## Case No. 12,175.
### RUTHERGLEN v. WOLF et al.
### Ex parte COHEN.
[1 Hughes, 78.] [2]
Circuit Court, E. D. Virginia.   Nov.. 1876.

LIS PENDENS — RECORD — ACTION IN FEDERAL COURT.

The purchase of real estate in Virginia while a suit relating to it is pending in a court of the

[1] [Reported by Hon. William Cranch, Chief Judge.]
[2] [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission.]

United States is invalid as against the plaintiff in such suit, although the lis pendens be not recorded as required by Code Va. 1873, p. 1166, c. 182, § 5.

[Cited in U. S. v. Humphreys, Case No. 15,422; Shufeldt v. Jenkins, 22 Fed. 370.]

In equity. On the eighth day of November, 1867, Samuel Wolf made a deed, in which his wife joined, conveying a lot of land and house in Petersburg, to Eli Kull, a brother-in-law; the property being alleged to have been worth about $2,000, and the purchase price set forth in the deed being $1,700. Eli Kull was one of the sons of Jacob Kull, and a member of the firm of Jacob Kull & Sons. Shortly after this, Wolf's stock of goods, worth some $6,000, was taken by process of distress issued by the said Jacob Kull & Sons, the principal part of which was disposed of under that process, but a part of the goods remained. On the 4th of January, 1868, Wolf made a trust deed for the benefit of his general creditors, conveying the remnant of his stock of goods and the furniture in his storehouse for that purpose. On the 22d of January. 1868, he filed his petition in bankruptcy in the United States district court for this district, and Andrew Rutherglen was appointed his assignee. On the 11th of February, 1869, the assignee filed his bill in this, the circuit court of the United States, against Kull and others, charging that the deed of November, 1867, and the distraining process afterwards instituted by Kull & Sons, were fraudulent transactions as between the bankrupt and Kull & Sons, and praying that the deed of the house and lot be set aside, and that Kull & Sons be made to account for the goods taken by them under their process of distress. On the 27th of April, 1875, during the pendency of this suit, Eli Kull sold the house and lot in Petersburg to Max Cohen. Cohen, on the 27th of October, 1876, filed his petition in this court, in this suit of The Assignee v. Kull and others, praying that he might be made a party defendant. which was done. and alleging that the said house and lot had been sold to him at public auction, after due advertisement; and publicly purchased by him in good faith and for full value, and without notice, direct or indirect, in any manner whatever. of the pendency of this suit. or of any suit in respect to the house and lot in question. or of any defect in Kull's title to the property; and alleging also, that no memorandum of lis pendens had been recorded by the complainant in this suit so as to affect him with constructive notice thereof. He claimed that, as a purchaser in good faith for full value. without notice, and in the absence of the docketing of a lis pendens as required by the Code of Virginia. he is not bound by the proceedings in this court, and ought to be protected in his title by the court, and prays relief or remedy. The deed of Wolf to Eli Kull was, in due course, pronounced fraudulent, null. and void, and was annulled and released.

On a hearing of this petition before BOND, Circuit Judge, it was adjudged and decreed, among other things, that Max Cohen being a pendente lite purchaser of the house and lot in the bill mentioned, from Eli Kull acquired no title thereto as against Wolf's assignee in bankruptcy, and that the said Cohen do deliver possession of the same to the said assignee, the plaintiff in this cause.