(64 Misc. Rep. 467.)

### In re MILLER.

(Supreme Court, Special Term, Kings County.　September, 1909.)

COURTS (§ 493*)—CANCELLATION OF NOTICE—APPLICATION.
　　Where notice of an action to set aside a conveyance as fraudulent, brought in the United States court, has been filed in the county clerk's office, an application to cancel it should be brought in the United States court, and not in the Supreme Court of the state.
　　[Ed. Note.—For other cases, see Courts, Dec. Dig. § 493.*]

Application of Barnet Miller to cancel notice of lis pendens filed by John McEwan, trustee, with the clerk of Kings county.　Denied.

Kiendl Bros., for petitioner.
Williams, Folsom & Strouse, opposed.

CRANE, J.　This is an application to cancel a notice of pendency of action filed in the Kings county clerk's office by a trustee in bankruptcy, who has commenced an action in the United States District Court to set aside as fraudulent a deed conveying the premises described in the notice.　Article 9, tit. 1, c. 14, of the Code of Civil Procedure, provides for the filing of notices of pendency of action and the filing of the complaint at the same time.　In this matter, of course, the bill or complaint is filed in the United States District Court in the Eastern District of New York.　The Code not only provides for the filing of the complaint, but also for the cancellation thereof upon giving an undertaking or for delay, etc.　See Code Civ. Proc. §§ 1670, 1671, 1674.

From very early days it has been the law that a person purchasing property, the subject of litigation in a court of equity, takes it charged with notice and burdened with the consequences of that litigation. One of the most frequently cited authorities on this point is Murray v. Ballou, 1 Johns. Ch. 566.　"The established rule is that a lis pendens, duly prosecuted, and not collusive, is notice to a purchaser, so as to affect and bind his interest by the decree; and the lis pendens begins from the service of the subpœna after the bill is filed."　County of Warren v. Marcy, 97 U. S. 96, 24 L. Ed. 977.　In Rutherglen v. Wolf, 1 Hughes, 78, Fed. Cas. No. 12,175, the United States Circuit Court

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

for the Eastern District of Virginia decided that the purchase of real estate in Virginia, while a suit relating to it is pending in a court of the United States, is invalid as against the plaintiff in such suit, although the lis pendens be not recorded as required by the Virginia Code. See, also, McClaskey v. Barr (C. C.) 48 Fed. 130, Tilton v. Cofield, 93 U. S. 163, 23 L. Ed. 858, and Metcalf Bros. & Co. v. Barker, 187 U. S. 165–172, 23 Sup. Ct. 67, 47 L. Ed. 122.

It would, therefore, appear as if it were unnecessary to file notice of pendency of action in the county clerk's office, as the action in the United States District Court is notice in and of itself. However, in 1889, Judge Lacombe, in Jones v. Smith (C. C.) 40 Fed. 314, held that the state statute applied as a rule of property, and that lis pendens in a federal court was not available as notice to innocent purchasers, unless notice thereof is filed as the statute requires; but he adds:

"Should it turn out, however, that the state statute does not apply, then, under the decisions of the Supreme Court which were considered on the prior motion, the old harsh doctrine of lis pendens will operate to effect the same result."

Speaking strictly, I suppose the provisions of the Code apply solely to actions brought in a state court; and yet the notice in this case, filed with the county clerk, can do no harm, as the action in the United States court is itself a lis pendens binding on the parties and privies. Instead of doing harm, the unnecessary filing with the county clerk may do much good, and prevents loss to the unwary. In the search of titles it is a matter of great convenience. As the United States courts conform their practice as nearly as possible to that of the state courts, any relief afforded by the Code of Civil Procedure in the way of canceling the notice will be applied by the United States court.

But, granting that the Code provisions apply only to state courts, and that the notice of pendency of action has been improperly filed with the county clerk, the application to cancel it should be made to the United States court, and not here, as there is no matter or proceeding pending in this court.