## In the Matter of 1610 AVENUE P, INC.

Supreme Court, Special Term, Kings County, June 15, 1938.

*Leon E. Schernis* [*Jacob J. Sachs* of counsel], for the petitioner.

*Weisman, Celler, Quinn, Allan & Spett* [*Samuel S. Allan* of counsel], for the respondent.

RIEGELMANN, J. This is a motion for an order directing the clerk of this court to cancel of record a certain notice of pendency of action heretofore filed by Otis Elevator Company based upon a suit in the United States District Court for the Eastern District of New York. The property sought to be affected by such notice is located in the borough of Brooklyn. The application is made upon the ground that said notice of pendency of action was improperly filed in the office of the clerk of the county of Kings, inasmuch as the action upon which it is based was instituted and is now pending in the Federal court.

Apparently the only reported case directly in point is *Matter of Miller* (64 Misc. 467), in which it is stated:

" Speaking strictly, I suppose the provisions of the Code apply solely to actions brought in a State court; and yet the notice in this case, filed with the county clerk, can do no harm, as the action in the United States court is itself a *lis pendens* binding on the parties and privies.

" But, granting that the Code provisions apply only to State courts and that the notice of pendency of action has been improperly filed with the county clerk, the application to cancel it should be made to the United States court and not here, as there is no matter or proceeding pending in this court."

Section 1 of the Civil Practice Act, in defining the application of the Civil Practice Act, reads as follows: " This act shall be known as the Civil Practice Act, and, except as otherwise expressly provided, shall apply to the civil practice in all the courts of record of the State."

It seems evident that the provisions of the Civil Practice Act were intended to apply solely to actions brought in the State court, and the provision in section 120, permitting the filing of a notice of pendency of action, has no application to actions pending in the Federal courts. Nor is the suggestion that the application to cancel the notice of pendency so filed be made to the United States court, valid. The Federal courts have held that in the absence of State statutory provision they have no jurisdiction over the clerks of the State courts, and have no power to require a county clerk to cancel a notice of pendency of action. (See *King* v. *Davis*, 137 Fed. 222, wherein it is stated at pp. 239, 240):

" But it does not necessarily follow that the Legislature intended that the *lis pendens* statute should make it the implied duty of the State court clerks to record memoranda of suits pending in the Federal courts. * * * If there had been enacted contemporaneously with the *lis pendens* statute an express provision requiring the State court clerks to record memoranda of Federal

pending suits, a different question would be presented. But as the State law, as it now stands, does not necessarily make it the duty of such officers to record such memoranda, the Federal courts have not the power to require them to perform this duty.   *   *   *

" If the Virginia Legislature were to enact a statute making it the duty of State court clerks to record memoranda of pending suits and attachments in the Federal courts, there might possibly be no further difficulty."

The State Supreme Court, however, has inherent power to vacate a notice of pendency of action improperly filed. (*Schomacker* v. *Michaels*, 189 N. Y. 61, at p. 64.)

Accordingly, I am of the opinion that the notice of pendency of action was improperly filed and should be vacated. Settle order on notice.