## FREDERICK v. BAXTER ARMS CORPORATION et al.

### No. 8565.

District Court, E. D. of New York.

June 16, 1941.

See, also, D.C., 26 F.Supp. 443.

610

Martin H. Young, of New York City, for plaintiff, did not oppose.

William N. Tobin, of New York City, for defendants.

ABRUZZO, District Judge.

This is a motion for an order to cancel and discharge the notice of pendency of this action filed in the office of the Clerk of the County of Queens on October 6, 1939.

There is no opposition to this motion.

The only question before the court is whether or not it has the power to grant such a motion.

A memorandum in letter form has been submitted by the attorney for the defendants which states that the Supreme Court of the State of New York, Queens County, could not entertain a motion for an order to cancel the lis pendens for the reason that no action at any time was pending in the State Court and that therefore it has no power to deal with a lis pendens filed in connection with litigation pending in the United States District Court. It was further stated that the Clerk of the Supreme Court, Queens County, informed the attorney for the defendants that an order of the United States District Court would be recognized, cancelling and discharging the lis pendens.

The only authority for the issuance of this order would ordinarily be found in the Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c. However, the Rules of Civil Procedure make no provision relating to lis pendens, and the Advisory Committee, in its note to Rule 64, states: "No rule concerning lis pendens is stated, for this would appear to be a matter of substantive law affecting state laws of property." See Oblinger's Federal Practice, Volume II, page 352, Section 28, 725 (4.3).

 In Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, it was stated that where there is no federal statute, the law to be applied is the statutory law of the state.

The framers of Rule 64 considered a lis pendens a matter of substantive law, and such being the case, the Erie Railroad Co. v. Tompkins, supra, decision is ample authority for the application made to cancel the lis pendens in question.

Where a notice of pendency of action is filed in a county clerk's office, but the action is brought in the United States Court, the application to cancel should be brought in the United States court and not in the state court. 38 C.J. 48. See Matter of Miller, 64 Misc. 467, 119 N.Y.S. 555.

Motion granted. Settle order on notice.