**UNITED STATES of America,**
**Plaintiff,**

**v.**

**Mary DWYER, William Dwyer, Armour Fertilizer Works Division of Armour & Company, Gregory-Doyle, Inc., Catherine E. Beck, Alexander B. Beck, Stephen Huggard, Lauchner Motors Inc., New York State Tax Commission, Sadie Schwartz, Joseph Harris, Constance Dosch, County of Nassau, Town of Oyster Bay, Board of Education, Union Free School District No. 17, Town of Oyster Bay, Hicksville Water District, John Doe and Richard Roe, etc., Defendants.**

No. 62–C–331.

United States District Court
E. D. New York.

Feb. 23, 1966.

Joseph P. Hoey, U. S. Atty., Eastern Dist. of New York, for plaintiff; Cyril Hyman, Asst. U. S. Atty., of counsel.

Morris H. Schneider, County Atty. of Nassau County, for defendant Nassau County; Louis Schultz, Senior Deputy

County Atty., Neil Abelson, Asst. County Atty., of counsel.

Attilio E. Braune, Town Atty., Town of Oyster Bay, for defendant Town of Oyster Bay.

Peter F. Curran, New York City, for defendant Armour Fertilizer Works, Division of Armour & Co.

Albert M. Goldberg, Mineola, N. Y., for defendant Sadie Schwartz and David K. Schwartz.

BARTELS, District Judge.

Action by the United States (Government) to foreclose two tax liens on certain real property under Sections 7401, 7402(a) and 7403, 26 U.S.C.A. The Government moved for summary judgment and on October 18, 1962 this Court granted the motion, holding that one of the tax liens filed in 1953, in the amount of $116,-132.60 plus interest, had priority over the local County tax liens and the interests of all the defendants in the action. United States v. Dwyer, et al., E.D.N.Y.1962, 209 F.Supp. 727. Thereafter an order was entered referring the matter to a Master for the computation of the principal and interest owed to the Government, and on July 23, 1963 the Court confirmed the Master's report and entered a Judgment of Foreclosure ordering the sale of the property in two parcels "free and clear of all liens, encumbrances and local taxes of any kind or nature arising prior to the giving of a deed but subject to tenancies and violations, if any and to any state of facts that an accurate survey may show * * * ". The Judgment of Foreclosure also provided that "each and all of the defendants in this action, and all persons claiming under them, or any or either of them, *after the filing of the notice of pendency of action,* be and they hereby are forever barred and foreclosed of all right, title, claim, interest, lien and equity of redemption of, in and to the said liened premises and each and every part thereof." (Emphasis added)

When an attempt was made by the United States Attorney to file the lis pendens on March 30, 1962, the Nassau County Clerk refused to accept the same, relying upon the case of In the Matter of 1610 Avenue P, Inc., 1938, 168 Misc. 918, 6 N.Y.S.2d 241, which held that only a lis pendens arising out of State court actions could be accepted for filing in the County Clerk's office.

Thereafter on October 16, 1963, Parcel #1, referred to in the Judgment of Foreclosure, was sold to David K. Schwartz, but he discovered that Alvin Schmitt, a judgment-creditor of Mary Dwyer, had not been made a party to the foreclosure proceedings and accordingly he refused to complete the sale. After the filing of the Government's 1953 tax lien and both before and after the October 18, 1962 decision granting priority to the Government's lien, the County of Nassau imposed tax liens for unpaid taxes. On December 2, 1963 the County sold some of these liens to one Charles Solomon for unpaid School and County taxes for the School Year of 1962–1963 and for the County Year of 1963, and now proposes to convey a tax deed to him. In order that all the property covered by the foreclosure might be sold without any question as to the marketability of the title at the foreclosure sale, the Government, among other things, now moves to expunge all liens from the property in Parcel #1 belonging to the defendants or to Charles Solomon or David K. Schwartz and to direct the County Treasurer to strike from the County records any assessments or tax liabilities; enjoin the County from conveying a tax deed to the property in Parcel #1 to Charles Solomon; amend the Judgment of Foreclosure, pursuant to Rule 60, Fed.Rules Civ.Proc., 28 U.S.C.A., so as to omit reference to the filing of the notice of pendency of action; and order a resale of the property.

Without considering all the contentions of the parties, this case may be disposed of as follows:

■■ (1) The October 18, 1962 decision having established that the tax lien filed by the Government in 1953 had priority over tax liens of Nassau County and over any claims of the other defendants,

472

such priority was not affected by the lapse of time or the imposition by Nassau County of subsequent tax liens or the subsequent sale by the County of said tax liens. Cf., United States v. Hodes, 2 Cir. 1966, 355 F.2d 746; United States v. Mejac Construction Corp., E.D.N.Y.1960, 190 F.Supp. 622. Nassau County was a party to the foreclosure action and was fully aware of the decision of this Court. Accordingly, it had no possible justification for the imposition of subsequent tax liens before the sale. All persons, including the purchasers of tax liens from the County, were on full notice of the filed Government lien. Moreover, since there was no provision in the New York law for the filing of a lis pendens of the foreclosure proceedings in the Federal court, all persons were bound by the Judgment regardless of whether they were placed on notice. King v. Davis, C.C.W.D.Va. 1905, 137 F.198; United States v. Calcasieu Timber Co., 5 Cir. 1916, 236 F. 196; see, 2 Moore's Federal Practice (2d Ed. 1965) ¶3.05[2]. Even were this not so, certainly Nassau County was placed on notice by its refusal to accept a superfluous lis pendens. Consequently, the foreclosure sale to be hereinafter ordered, will bar all of the foregoing claims and tax liens.

 (2) The provision inserted in the Judgment of Foreclosure reading "after the filing of the notice of pendency of action", was unnecessary and obviously an error "arising from oversight", in that no such notice of pendency of action was or could be filed in the County Clerk's office. It, therefore, can be corrected under Rule 60(d), Fed.Rules Civ.Proc., 28 U.S.C.A., it being unnecessary to resort to the procedure provided for by Rule 60 (b), Fed.Rules Civ.Proc., 28 U.S.C.A., because the Judgment of Foreclosure, as indicated above, was a complete bar in spite of the presence of that phrase in the Judgment. Even if this error did fall within the classification of Rule 60(b), the Court would consider the Government's application as an independent action in equity to correct the error and would accordingly order the correction.

See, Hadden v. Rumsey Products, 2 Cir. 1952, 196 F.2d 92; 7 Moore's Federal Practice (2d Ed. 1965) ¶ 60.37 [1], [2].

(3) David K. Schwartz having rejected title to the property and having refused to complete the purchase thereof, has no further interest therein.

(4) In order to remove any cloud upon the marketability of the title, a supplemental order will be issued enjoining the County from conveying any tax deeds to the property in Parcel #1 to Charles Solomon and ordering the resale of the property at public auction, free and clear of any and all claims and liens including the claims of the defendants and the tax liens of the County of Nassau.

Settle order in accordance with the foregoing.